CARL R. CARLSON, administrator, *vs.* BOSTON & MAINE RAILROAD.

Worcester. September 24, 1929. — October 9, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Negligence,* Railroad, Proximate cause. *Evidence,* Matter of conjecture. *Proximate Cause.*

At the trial of an action by an administrator against a railroad corporation under G. L. c. 229, § 3, for causing the death of a passenger on a train, there was evidence that there were ten cars in the train, which was about eight hundred and seventy feet long; that the passenger was in the third car from the rear; that the train stopped for three or four minutes at a station where the passenger had intended to leave it and several passengers then entered and others left the train; that the car in which the passenger was riding was partly under and partly outside of an overhead bridge, five hundred and fourteen feet from the station platform; that the train started and was proceeding at the rate of between twenty and twenty-five miles per hour when the passenger went down the rear steps of the car, stepped off and fell upon the station platform; that the defendant had provided a trap for covering the steps of the car, which had not been closed; that at the station no trainman was at the space between the second and third cars from the rear, and no announcement was made at that point by a trainman that the train was about to start; that from the rear end of the car in which the passenger was riding the station could not be seen; that ordinarily this train carried a train crew consisting of the conductor, baggage master and two brakemen;

that on the day of the accident there were four additional cars and one extra brakeman. A verdict was ordered for the defendant. *Held,* that

(1) It was a matter of conjecture whether, if the number of brakemen required by G. L. c. 160, § 154, had been provided, the passenger would have been prevented from stepping or falling off the train while it was in motion leaving the station;

(2) The failure of the defendant to have the required number of brakemen on the train did not warrant a finding of negligence having a causal connection with the death of the passenger;

(3) There was nothing to show that any reasonable precautions which the defendant could have taken would have prevented the accident which resulted in the death of the passenger;

(4) The stopping of the train, when the car in which the plaintiff was riding was so distant from the station platform, was not evidence of negligence of the defendant;

(5) The circumstance, that the trap, provided for covering the steps of the car at the point where the passenger stepped off, was not closed at the time of the accident, would not warrant a finding of negligence which would make the defendant liable.

(6) The verdict for the defendant properly was ordered.

TORT for causing the death of Mina Carlson, the plaintiff's intestate, through negligence. Writ dated September 1, 1927.

In the Superior Court, the action was tried before *Dillon,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*H. W. Blake,* (*A. T. Bazydlo* with him,) for the plaintiff.

*C. M. Thayer,* for the defendant.

CROSBY, J. This is an action brought under G. L. c. 229, § 3, to recover for the death of the plaintiff's intestate. If it be assumed that at the time of her death she was a passenger of the defendant, the plaintiff might recover under G. L. c. 229, § 3, even if she was lacking in due care, provided her death was due to negligence of the defendant. *Jones* v. *Boston & Northern Street Railway,* 205 Mass. 108. *Renaud* v. *New York, New Haven & Hartford Railroad,* 210 Mass. 553, 556. *Cotter, petitioner,* 237 Mass. 68, 72. *McCarthy* v. *Boston, Revere Beach & Lynn Railroad,* 262 Mass. 56, 58.

The material facts as shown by the record are as follows: On September 4, 1926, the deceased was a passenger upon

a west bound train called the "Minute Man"; her destination was Gardner in this Commonwealth. She rode in the third car from the rear of the train, which consisted of ten cars, the total length of the train being about eight hundred and seventy feet. At the Gardner station, where the train remained three or four minutes while several passengers alighted and others came aboard, the two rear cars stood east of an overhead bridge, which was five hundred and fourteen feet easterly of the station, and the third car from the rear was partly under and partly east of the bridge. After the train started and the rear end of the car in which the deceased was riding neared the station, she came down the steps at the rear end of that car and stepped or fell upon the station platform. She was thrown with such force that her death occurred almost immediately.

At the time she went upon the platform the steps from which she fell or stepped off had moved approximately five hundred and fifty feet from their original stopping place east of the bridge and had passed passengers on the platform, a stand pipe, eight electric light poles thirty-five feet apart, three posts supporting the awning of the station, and a line of trees located by the side of the highway and running parallel with the station, all of which could have been found to be visible from the steps of the car which the deceased descended for the last four hundred feet of their movement before the accident. There was evidence that when she fell or stepped off the train it was moving at a speed of between twenty and twenty-five miles an hour.

There was further evidence that during the time the train stopped at Gardner no trainman was at the space between the second and third cars from the rear, and no announcement was made at that point by a trainman that the train was about to start; that from the rear end of the car in which the deceased was riding the station could not be seen; that ordinarily this train carried a train crew consisting of the conductor, baggage master and two brakemen; that on the day of the accident there were four additional cars and one extra trainman. It is

the contention of the plaintiff that it was evidence of negligence on the part of the defendant not to have on the train at least one brakeman for every two cars as required by G. L. c. 160, § 154. The plaintiff argues that if one more brakeman had been on the train when it reached Gardner, it "would have been an additional factor of safety which would probably have prevented the death of the plaintiff's intestate." It is plain that it is a matter of conjecture whether if the number of brakemen had been provided as required by the statute the deceased would have been prevented from stepping or falling off the train as it was leaving the station and was proceeding on its way at a speed of at least twenty miles an hour. If the number of brakemen required by the statute had been provided, there would not have been a sufficient number present for brakemen to have been at all the steps at the same time when the train stopped to receive or discharge passengers. Besides, the train, having made its usual stop at Gardner, was proceeding on its way, and there was no reason to expect that at that time a passenger would attempt to alight. We are of opinion that the failure of the defendant to have the required number of brakemen on the train did not warrant a finding of negligence having a causal connection with the death of the plaintiff's intestate. Notwithstanding the high degree of care which a common carrier of passengers must exercise, it does not insure to them immunity from harm. There is nothing to show that any reasonable precautions which the defendant could have taken would have prevented the accident which resulted in the death of the plaintiff's intestate. Upon the entire evidence a finding of negligence on the part of the defendant would not have been warranted. The case is governed in principle by *Foley* v. *Boston & Maine Railroad*, 193 Mass. 332, *Hutchinson* v. *Boston & Maine Railroad*, 219 Mass. 389, *Shaughnessy* v. *Boston & Maine Railroad*, 222 Mass. 334, *Elger* v. *Boston Elevated Railway*, 226 Mass. 84, *MacGill-Allen* v. *New York, New Haven & Hartford Railroad*, 229 Mass. 162, *Anger* v. *Worcester Consolidated Street*

*Railway*, 231 Mass. 163, *Shine* v. *New York, New Haven & Hartford Railroad*, 236 Mass. 419, *Sack* v. *Director General of Railroads*, 245 Mass. 114, and cases cited, *Renaldi* v. *New York Central Railroad*, 256 Mass. 337.

The cases of *Powers* v. *Old Colony Street Railway*, 201 Mass. 66, and *Nute* v. *Boston & Maine Railroad*, 214 Mass. 184, are distinguishable in their facts from the case at bar.

To stop the car in which the plaintiff's intestate was riding at the place shown by the evidence would not warrant a finding of negligence. It is common knowledge that all the cars in a long train ordinarily cannot be stopped opposite a station platform. *Tsatsos* v. *Boston, Revere Beach & Lynn Railroad*, 267 Mass. 365, 367. The circumstance that the trap provided for covering the steps of the coach from which the plaintiff's intestate stepped or fell was not down at the time of the accident would not warrant a finding of negligence. It had been raised to permit persons to board and to alight from the car at Gardner, and it would not be reasonable to hold that it was the duty of the defendant to close it before the train had passed the station. The record shows that the deceased fell upon the station platform.

At the close of the evidence the defendant filed a motion that a verdict be directed in its favor upon the ground, among others, that there was no evidence of negligence of the defendant. The motion was allowed subject to the plaintiff's exception. For the reasons above stated the motion was rightly allowed. As there was no evidence of negligence on the part of the defendant, the other exceptions have become immaterial and need not be considered.

It results that the exceptions must be overruled and judgment is to be entered on the verdict.

*So ordered.*