George H. McKay *vs.* Boston and Maine Railroad.

Essex.    October 4, 10, 1933. — December 28, 1933.

Present: Rugg, C.J., Crosby, Pierce, Donahue, & Lummus, JJ.

*Negligence*, Railroad.

At the trial of an action of tort against a railroad corporation for injuries sustained when the plaintiff was thrown from the platform between two cars of a train as the train was entering a station, it was proper to order a verdict for the defendant where the evidence showed merely that, after the brakeman had called the name of the station, the plaintiff arose and went upon the platform as the train was slowing down; that he took hold of a guard rail when, suddenly, there was "this unusual and extreme jolt" which broke his hold and threw him toward the side of the car; that the jolt lifted him off his feet; that, as he was thrown forward, he seized the guard rail with his hand and was dragged along the platform; and that then there was a second jerk or jolt which broke his grip, and he fell to the station platform.

Tort for personal injuries. Writ dated December 11, 1929.

In the Superior Court, the action was tried before *Donnelly*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action for determination by this court.

*J. J. Gaffney*, for the plaintiff.

*F. P. Garland*, (*J. DeCourcy* with him,) for the defendant.

Crosby, J. This is an action of tort to recover for personal injuries received by the plaintiff while riding on the platform of a car of one of the defendant's trains when it was entering its station in Lynn. The plaintiff testified that he boarded the train at Salem; that there were four cars in the train, and he entered the third car from the end and occupied the fourth or fifth seat from the rear of the car. He further testified that the brakeman called "Lynn" when the train was pulling into that station and was slowing down; that he walked to the door, stepped out on the platform and took hold of the guard rail over the gate, and, suddenly, there was "this unusual and extreme jolt" that

broke his hold and threw him toward the right side of the car; that it lifted him off his feet and as he was thrown forward he grabbed the guard rail with his right hand and was dragged along the platform, when there was a second jerk or jolt that broke his grip and he fell on the cement platform.

Upon this testimony considered in the light most favorable to the plaintiff there is nothing to show that his injuries were caused by any negligence on the part of the defendant. It is a matter of common knowledge that in the operation of trains upon steam railroads jerks and jolts are unavoidable. Trains cannot be run without some jolts, especially in stopping. The plaintiff described the jolt of the car which threw him off his feet and caused him to lose his hold on the guard rail as unusual and extreme. At that time it appears the train was approaching the Lynn station, and there was evidence that its speed had been reduced to about six miles an hour; there was no evidence to the contrary. There was no evidence of a defect in the car or track, or of carelessness in running the train. Although the door was open as the train was nearing the station, the defendant was not bound to see that it was closed at that time and was not obliged to anticipate that passengers would be standing upon the platform. The evidence did not warrant a finding that the plaintiff's injuries were due to any negligence of the defendant. *Weinschenk* v. *New York, New Haven & Hartford Railroad,* 190 Mass. 250. *Foley* v. *Boston & Maine Railroad,* 193 Mass. 332, 334. *Carlson* v. *Boston & Maine Railroad,* 269 Mass. 60, 63. *Viglas* v. *Boston, Revere Beach & Lynn Railroad,* 270 Mass. 264, 266. *Caranicos* v. *New York, New Haven & Hartford Railroad,* 277 Mass. 364.

As no negligence on the part of the defendant is shown, it is not necessary to decide whether the act of the plaintiff in standing upon the platform of the car constituted negligence on his part as matter of law.

In accordance with the terms of the report, judgment is to be entered for the defendant on the verdict.

*So ordered.*