### EDNA B. TARIFF *vs.* S. S. KRESGE COMPANY.

Hampden.  September 23, 1937. — December 28, 1937.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Store.

Evidence merely that the plaintiff, one of many customers in the defendant's retail store after a snow storm, slipped in a puddle of water "a foot or a foot and a half wide" on the floor and that the puddle was "very dirty, reddish in color and drying along its edges" did not warrant a finding that the defendant was negligent.

TORT. Writ in the Superior Court dated June 12, 1934.

The action was tried before *Broadhurst,* J., who ordered a verdict for the defendant after the parties had stipulated that if the action should have been submitted to the jury judgment should be entered for the plaintiff, otherwise judgment should be entered for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*R. B. Hartley & B. D. Novak,* for the plaintiff.

*H. P. Small & J. S. Bulkley,* for the defendant.

QUA, J. The strongest case for the plaintiff upon any view of the evidence is this: The plaintiff, while in the defendant's retail store in Springfield as a customer, sustained injuries by slipping in a puddle of water not far from the entrance. There had been a snowstorm, and there was slush on the sidewalk outside. The puddle was "approximately a foot or a foot and a half wide, very dirty, reddish in color and drying along its edges." There was mud on the floor outside of the puddle and ice near it like that on the street. The puddle was at or near the cosmetics counter, at which employees of the defendant were waiting upon customers. There were "a lot" of people in the store. Nothing more of consequence appears.

This was not enough to support a finding of the defendant's negligence. Only one dimension of the puddle is

shown. So far as appears there may have been only a trifling amount of water on the surface of the floor. That it was very dirty and reddish in color and drying along its edges has no tendency to prove that it had been on the floor long enough so that the defendant should have seen it and mopped it up. It would naturally be dirty when it came there. Nothing indicates that its reddish color was due to lapse of time. Drying might begin almost immediately. Under the existing conditions, for aught that is shown, it may have been impracticable to keep the floor free from water. *Labrie* v. *Donham,* 243 Mass. 584. *Pearson* v. *Director General of Railroads,* 245 Mass. 158, 162. *Bornstein* v. *R. H. White Co.* 259 Mass. 34. *Seidenberg* v. *Eastern Massachusetts Street Railway,* 266 Mass. 540, 542. The case is distinguishable from *Hudson* v. *F. W. Woolworth Co.* 275 Mass. 469, *White* v. *Mugar,* 280 Mass. 73, *Hartford* v. *Boston Elevated Railway,* 280 Mass. 288, and *Foley* v. *F. W. Woolworth Co.* 293 Mass. 232, 234, cited by the plaintiff.

*Exceptions overruled.*
*Judgment for the defendant.*