NELLIE T. MOORS *vs.* BOSTON ELEVATED RAILWAY COMPANY

(and three companion cases *).

Middlesex.    October 4, 1939. — January 30, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence*, Street railway: station; Slippery substance.

Evidence merely that one, entering a subway station of a street railway company from a street slushy from snow and rain, slipped on mud and water on a step, and that there was a man in the uniform of the company sitting on a stool watching the stairs, would not have warranted a finding of negligence on the part of the defendant.

---

* The companion cases are by George H. Moors, Sarah A. Finneran, and James F. Finneran against the same defendant.

FOUR ACTIONS OF TORT.    Writs in the Superior Court dated May 19, 1932.

Verdicts for the defendant were ordered by *Dowd*, J.

*W. J. Killion*, & *F. J. Good*, for the plaintiffs, submitted a brief.

*A. F. Bickford*, (*J. W. White* with him,) for the defendant.

QUA, J.    The plaintiffs Nellie T. Moors and Sarah A. Finneran are sisters. Their actions are for personal injuries sustained by each in the latter part of the afternoon of January 19, 1931, as a result of slipping and falling at approximately the same time and place near the bottom of the lowest of three flights of stairs leading to the lower level in the Summer Street station of the Boston subway. The other two actions are by the respective husbands of the plaintiffs first named to recover consequential damages. All the declarations rest upon alleged negligence of the defendant in keeping the stairs in repair and in safe condition.

The evidence tended to show that there had been snow and rain and that the streets were slushy. The plaintiff Sarah A. Finneran testified that she slipped "on mud or something that was on the stairs"; that the stairway "was wet and slippery, mud on it"; that she was caused to fall by "slippery steps"; that "what she meant was water"; that she slipped on "mud and water." The plaintiff Nellie T. Moors testified that the stairs were "wet and slippery"; that she fell while trying to reach her sister; that "the wet" on the stairs caused her to fall. Both sisters testified that there was a man in an "Elevated uniform" sitting on a stool and watching the stairs. There was no further evidence bearing upon the alleged negligence of the defendant.

The judge rightly directed verdicts for the defendant. There was no evidence of any defect in the stairs themselves or that their construction rendered them peculiarly liable to become slippery. There was no evidence of the amount or the extent of mud or water on the stairs or how long mud or water had been there. There was nothing to show any more mud or water than inevitably results from the tramping of many feet in such a place at that time of day under the conditions of weather then existing. There was nothing

to show that the defendant omitted any precaution which would have been practical or reasonable under the circumstances. In short, there was no evidence of the defendant's negligence. These cases are within the authority of *Labrie* v. *Donham,* 243 Mass. 584, *Seidenberg* v. *Eastern Massachusetts Street Railway,* 266 Mass. 540, 542, *Tariff* v. *S. S. Kresge Co.* 299 Mass. 129, and *Kiley* v. *New York, New Haven & Hartford Railroad,* 301 Mass. 570. The plaintiffs rely largely upon *MacLaren* v. *Boston Elevated Railway,* 197 Mass. 490. In its main aspects that case resembles the cases at bar, but an examination of the original record in that case satisfied us that there was evidence tending to show the defendant's negligence that does not appear in the present cases.

In each case the entry will be

*Exceptions overruled.*