MARY C. GRACE *vs.* JORDAN MARSH COMPANY.

Suffolk.    January 3, 1945. — February 5, 1945.

Present: FIELD, C.J., LUMMUS, QUA, WILKINS, & SPALDING, JJ.

*Negligence*, Store, Slippery substance.

A finding of negligence of the proprietor of a city store was not warranted by evidence merely that, on a day when it had snowed and rained, a customer slipped and fell in a recessed entrance to the store where it was "wet" and "there was a coating of yellow mud."

TORT.    Writ in the Superior Court dated December 7, 1942.

The action was tried before *Williams*, J.

*F. B. Frederick*, for the plaintiff.

*S. P. Sears*, for the defendant.

WILKINS, J.    The plaintiff, a customer, was injured in an entrance to the defendant's store.    The declaration in this action of tort alleges negligence in construction and in permitting accumulation of "water and mud, and other debris."    At the conclusion of the plaintiff's opening the judge directed a verdict for the defendant and reported the case to this court.    We assume that the statements of fact, both specific and general, in the opening were true and would have been substantiated by testimony.    *Shapiro* v. *Segal*, 316 Mass. 556.    *Waugh* v. *Great Atlantic & Pacific Tea Co.*, *ante*, 230.    On Saturday, December 13, 1941, about 5 P.M. the plaintiff approached the defendant's store at the corner of Washington and Avon streets, Boston.    The "entrance is recessed in back and cuts across, cat-a-corner across that sidewalk . . . [and] sets back a little way, and there are either three or four revolving doors back in that are at least partly covered overhead."    It was raining. There had been "some snow" the day before, and on the morning of the day in question "it had snowed and stopped, and then snowed a little more"; at 3 P.M. it rained, and then stopped "for a very few minutes"; about 3:45 P.M.

it "started in again" and "rained the rest of the day." As the plaintiff started into the entrance and "was about to take her hand" to push the revolving door, "both feet slipped because of the mud on the entrance, they went out from under her at the same time," and she fell on her shoulders and the back of her neck and head. "The place where she fell was muddy and wet, there was a coating of yellow mud." After her fall the mud was "all over her hand," and her stockings and the back of her coat throughout its entire length were "covered with mud."

The verdict for the defendant was rightly directed. There was nothing to show negligence in construction or in any other respect. There was no statement of expected testimony indicating the omission of any reasonable precaution or disclosing the presence of mud and water in larger quantity or for a greater length of time than was naturally to be expected in the circumstances. The case falls within the authority of numerous decisions. *Moors* v. *Boston Elevated Railway,* 305 Mass. 81, 83, and cases cited. *Battista* v. *F. W. Woolworth Co., ante,* 179. To the extent that *MacLaren* v. *Boston Elevated Railway,* 197 Mass. 490, is in conflict with what is here decided, it is not followed.

*Judgment for the defendant.*