MARY T. LEARY *vs.* JORDAN MARSH COMPANY.

Suffolk.   January 7, 1948. — January 29, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & WILLIAMS, JJ.

*Negligence,* Store, Slippery substance.

Evidence merely that a customer walking along a marble floor in a department store slipped and fell at a place where there were three small pools of water, one having a little dry mud around its edge, did not warrant a finding that the water had been there so long that the proprietor of the store was negligent in not having discovered and removed it.

TORT.   Writ in the Superior Court dated June 8, 1942.

The action was tried before *Baker,* J.

*W. G. Ferrin,* for the plaintiff.

*S. C. Rand,* (*G. d'A. Belin, Jr.,* with him,) for the defendant.

RONAN, J.   The plaintiff excepted to the entry of a verdict for the defendant under leave reserved in this action of tort brought to recover for personal injuries sustained when she slipped or fell upon the marble floor as she was travelling along one of the aisles in the defendant's store.   The defendant also excepted to rulings on evidence.

We narrate the facts which could be found from the evidence viewed in its aspect most favorable to the plaintiff. At about 10:30 A.M. on October 3, 1941, the plaintiff and a companion entered the defendant's store and then separated in accordance with an arrangement that they would again meet in the store in about twenty minutes.   The plaintiff after making a purchase was on her way to another department when she slipped or fell, landing on the back of her head and becoming unconscious.   She did not know what caused the accident.   She was taken to the first aid room. Her companion, while waiting for the plaintiff to join her, heard people talking about the accident, and observed at the place where the plaintiff was injured three little pools

of water each about the size of a dinner plate.  There was a little dry mud around the edge of one of these pools, and there were two skid marks, one six inches long and the other a little longer, as "if your heel slipped."  The puddles of water were about two feet apart.  It had rained on the morning of the accident, but the rain had ceased at about ten minutes after ten o'clock.  The place of the accident was two hundred thirty-four feet from the entrance used by the plaintiff in coming into the store, and one hundred fifty-eight, one hundred sixty-three, and two hundred ten feet respectively from the other entrances.

There is no contention that the water came upon the floor as the result of any negligence of the defendant, or that any of its servants knew prior to the accident that there was water upon the floor.  There was no defect in the floor.  The plaintiff is therefore required to rest upon the contention that the water had been upon the floor a sufficient time to enable the defendant to discover and remove it.  We do not agree with the plaintiff that the water must have been upon the floor not later than shortly after it had ceased to rain.  There was no evidence of any wet spots upon the floor other than at the site of the accident, except near the entrance.  The absence of any evidence of wet spots between any of the entrances and the spots in question negatives any contention that these spots came from water tracked in the store and indeed leaves the rain as the source of these spots a matter of conjecture and surmise.  We do not know the depths of these pools so called, but the photographs show that the flooring was composed of flat marble slabs.  Any deposit of water upon them must have been thin and perhaps not much more than a film.  A thin deposit of water would be apt to become dirty and discolored in a short time and to begin to dry at its edges.  The instant case in its material aspects is substantially similar to *Tariff* v. *S. S. Kresge Co.* 299 Mass. 129, 130, where it was held that the mere presence of water which "was very dirty and reddish in color and drying along its edges has no tendency to prove that it had been on the floor long enough so that the defendant should have seen

it and mopped it up." See also *Beach* v. *S. S. Kresge Co.*
302 Mass. 544; *Moors* v. *Boston Elevated Railway*, 305
Mass. 81; *Smail* v. *Jordan Marsh Co.* 309 Mass. 386;
*Mandigo* v. *Hamid Amusement Co. Inc.* 317 Mass. 225;
*DiAngelo* v. *United Markets Inc.* 319 Mass. 143, 149.

> *Plaintiff's exceptions overruled.*
> *Defendant's exceptions dismissed.*