ETHEL G. DOLAN, administratrix, vs. BOSTON AND MAINE
RAILROAD.

Essex.    January 8, 1952. — April 2, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Negligence*, Railroad: platform of car, gates of car, failure to discover in-
jured person.  *Words*, "Icy."

A finding of negligence on the part of a railroad toward a passenger on a
   passenger train was not warranted by evidence of the circumstances in
   which, as the train was leaving a station and starting to pass over a
   bridge on a morning when a snow storm was in progress, the pas-
   senger, while attempting to walk between two coaches of the open
   platform type with gates on the sides, slipped because of an "icy"
   condition of the platform and fell through an open gate onto the
   bridge between two of the girders thereof, where he lay in the snow
   beside the track about three hours before he was discovered.

TORT.    Writ in the Superior Court dated February 2,
1948.

The action was tried before *Morton, J.*

*S. E. Seegel,* for the plaintiff.

*P. Brownell,* for the defendant.

WILLIAMS, J.    This is an action of tort by the adminis-
tratrix of the estate of Henry E. Dolan to recover com-
pensation for his conscious suffering and death.    St. 1947,
c. 506, §§ 1A, 2.    The plaintiff has excepted to the entry
of verdicts for the defendant under leave reserved on the
counts both for conscious suffering and for death after
verdicts returned by the jury for the plaintiff.

There was evidence that on January 7, 1948, at about
8:47 A.M. Dolan boarded the defendant's train at the Cen-
tral Square station in Lynn intending to ride to Boston.
The train consisted of three ordinary coaches with a com-
bination smoking and baggage car at the rear.    The coaches
were of the open platform type with swinging gates on the
sides of the platforms.    Dolan took a seat in one of the

coaches and after the train was in motion started to go back to the smoking car. While passing over the platforms between two of the coaches he slipped and fell from the right side of the train. Immediately west of the station the tracks crossed a bridge over the highway at Central Square. Along the tracks on either side of the bridge were walls several feet in height with vertical girders or buttresses. Dolan fell beside the track about twenty-five feet from the westerly end of the station platform, his body striking one of the girders and landing between two of them. The temperature was below freezing and there was a northeasterly storm in progress with a continuous fall of dry snow. No one saw Dolan fall and he lay beside the track until about noon when he was discovered, his body almost covered with snow. He was removed to a hospital and died two days later from the effects of his fall and protracted exposure to the weather. While in the hospital he stated that he went into one of the cars, sat down, and then decided to have a smoke; that he "took a cigar out of his pocket and . . . got up, and as he did, the train started; that he couldn't steady himself because the train was jerky; that he walked down the aisle, holding onto the backs of seats as he went along; that the door of the coach was open; that he stepped out on the platform of the train; that the platform was icy, and that he lost his footing; that he put out his hand against the coach in front of him, lost his grip, fell down the steps, and off the train." He also said, "I had reached the platform, my feet slipped, the gate was open and I slipped out." The train began its trip at Marblehead and had stopped at four stations before reaching Lynn. Trainmen testified that it was snowing when the train left Marblehead and that before leaving that station the platforms and steps of the cars had been swept and sanded. There was no further sweeping or sanding. At the time of the accident the smoker and at least a part of one of the other cars had not proceeded beyond the station platform and the gates where Dolan fell had not been closed.

It is not disputed that Dolan was a passenger and that toward him it was the carrier's duty to exercise "the utmost caution which is compatible with the conduct of the business, according to the requirements of the public, as to rapidity, expense and comfort." *Fitzgerald* v. *Boston Elevated Railway*, 274 Mass. 287, 289, and cases cited. For the purposes of this decision we may assume, without deciding, that on the count for conscious suffering there was evidence from which it could be found that Dolan was in the exercise of due care. But see *Randall* v. *Boston, Revere Beach & Lynn Railroad*, 289 Mass. 241, and cases cited. The question for decision is whether, as contended by the plaintiff, the defendant could be found negligent in permitting the platform of the car to be in a condition dangerous to passengers, in not closing the gates, or in not making an earlier discovery of the body of Dolan as he lay beside the tracks.

The only evidence as to the condition of the platform at the time of Dolan's fall was his statement that the platform was icy and that he slipped. The word icy, which commonly means resembling ice, characterized by the presence of ice, or slippery, standing alone and without amplification described only the general character of the locus as it appeared to the person offering the description. Other than this it served to convey "to the ordinary mind" no "definite conception of a specific physical fact." See *Foley* v. *Boston & Maine Railroad*, 193 Mass. 332, 335; *Magee* v. *New York, New Haven & Hartford Railroad*, 195 Mass. 111, 113. Its probative value is comparable to that of the adjectives "slippery" and "wet" which generally have been held insufficient as descriptive of conditions from the existence of which findings of negligence would be warranted. *Labrie* v. *Donham*, 243 Mass. 584. *Seidenberg* v. *Eastern Massachusetts Street Railway*, 266 Mass. 540. *Moors* v. *Boston Elevated Railway*, 305 Mass. 81, 82, 83. *Reardon* v. *Boston Elevated Railway*, 311 Mass. 228. *Grace* v. *Jordan Marsh Co.* 317 Mass. 632, 633. *Grace* v. *Boston Elevated Railway*, 322 Mass. 224, 226–227. Compare *Klein* v. *Boston Elevated*

*Railway,* 293 Mass. 238, relied on by the plaintiff, where the formation of ice upon which the plaintiff fell was described as to extent and thickness.

In the absence of further descriptive evidence we think that from the statement of the decedent it could not be found that the platform was dangerous to passengers or that the defendant's employees had omitted any practical or reasonable precaution affecting its condition which was causally related to Dolan's fall. See *Moors* v. *Boston Elevated Railway,* 305 Mass. 81, 82–83; *Gilman* v. *Boston & Maine Railroad,* 168 Mass. 454.

The plaintiff introduced a rule of the railroad that "Outside vestibule doors and platform gates on cars of passenger trains will be kept closed on both sides of both through and local trains except those gates or doors that it is necessary to use to receive or discharge passengers." We think the evidence here did not disclose any violation of this rule as the train, although in motion, was still within the station limits and there was no evidence of unreasonable delay on the part of the trainmen in proceeding to close the gates. See *Carlson* v. *Boston & Maine Railroad,* 269 Mass. 60, 64; *McKay* v. *Boston & Maine Railroad,* 284 Mass. 606.

There is no merit in the final contention of the plaintiff that there was negligence on the part of the defendant's servants in failing to discover the decedent's body during the time he lay beside the tracks. As already stated, it was snowing and, when found, his body was almost covered with snow. It was wholly or partially concealed from view from the station platform by one or more protruding girders which were about five feet apart. Negligence involves a breach of some duty, and no duty to inspect the area beside the track at that time and place and in the circumstances is shown. See *Kupiec* v. *Warren, Brookfield & Spencer Street Railway,* 196 Mass. 463; *Johnson* v. *J. M. Guffey Petroleum Co.* 197 Mass. 302.

*Exceptions overruled.*