*Northern District*

No. 5106

**BENJAMIN FORTUNA**

v.

**H. L. GREEN CO., INC.**

(June 19, 1957)

*Present:* GADSBY, P. J., ENO AND BROOKS, JJ.

*Gadsby, P. J.* This is an action of tort in which plaintiff Elizabeth Fortuna seeks to recover for personal injuries and plaintiff Benjamin Fortuna seeks consequential damages for injuries to his wife. The answer includes a general denial and contributory negligence.

*At the trial there was the following evidence on the question of liability:*

Plaintiff testified that on January 27, 1954, at 11 A.M. she entered defendant's store to shop. It was raining hard and was windy outside, and had been raining all morning. Inside the door used by plaintiff there was dirty looking water on the floor, extending about 7 feet into the store. About 3 or 4 feet inside, plaintiff fell, onto a counter identified on photographs as being immediately to her right of the door. The floor was described as sloping upward as one enters the door, and then downward farther ahead. The rest of plaintiff's testimony regarded damages. Defendant's manager testified that the store opened at 9 A.M. The floor, around the locus of the accident as described, was level, but that there was a slight incline (about

½ inch per yard) farther inside the store. One month prior to the accident (on December 26, 1953) Micro-Sheen was applied to the floor, but this substance soaks in immediately and does not leave the floor slippery after a day's time.

At the close of trial defendant submitted the following request for ruling of law:

"The evidence does not warrant a finding for the plaintiff."

This request was denied.

The Court found for the plaintiff and awarded damages of $646 on Count 1 and $104 on Count 2.

The defendant claims to be aggrieved by the denial of the above quoted request for ruling.

The plaintiff was a business invitee to whom the defendant owed the duty of ordinary care toward maintaining the premises in a reasonably safe condition.

It is difficult to see wherein the defendant was guilty of negligence. In the ordinary course of business it is to be expected that on an inclement day, customers will track water, mud or slush into a store. The evidence here does not show any unnatural accumulation of water.

As was said in *Moors v. Boston El. Ry. Co.*, 305 Mass. 81, 82: "There was no evidence of the amount or the extent of mud or water on the stairs or how long mud or water had been there. There was nothing to show any more mud or water than inevitably results from the tramping of many feet in such a place at that time of day under the conditions of weather then existing." The present case seems to lie within the authority of: *Labrie v. Donham*, 243 Mass. 584; *Tariff v. S. S. Kresge Co.*, 299 Mass. 129.

As was said in *Battista v. F. W. Woolworth Co.*, 317 Mass. 179, 180, "The conclusion of negligence was expressly based entirely on the omission to provide anything to counteract slipperiness due solely

to rainfall." The Court set aside a finding in favor of the plaintiff and ordered judgment for the defendant.

The case at bar seems to be governed by the case of *Grace v. Jordan Marsh Co.*, 317 Mass. 632 633, where the Court said, "The verdict for the defendant was rightly directed. There was nothing to show negligence in construction or in any other respect. There was no statement of expected testimony indicating the omission of any reasonable precaution or disclosing the presence of mud and water in larger quantity or for a greater length of time than was naturally to be expected in the circumstances."

There seems to be nothing to show that the defendant omitted any precautions which would have been practicable or reasonable under the circumstances. As was said in *Tariff v. S. S. Kresge Co.*, 299 Mass. 129, 130: "Under the existing conditions for aught that is shown, it may have been impracticable to keep the floor free from water."

Evidence that one month prior to the accident, Micro-Sheen was applied to the floor does not aid the plaintiff since the evidence showed that the substance soaks in immediately, and does not leave the floor slippery after a day's time.

We therefore are of opinion that there was prejudicial error in the denial of the defendant's request for ruling of law and the finding for the plaintiff is reversed on both counts and judgment ordered entered for the defendant on both counts.