Hope E. Faulkner & another *vs.* J. H. Corcoran & Company, Inc.

Middlesex.   November 9, 1960. — February 14, 1961.

Present: Wilkins, C.J., Spalding, Williams, Whittemore, & Cutter, JJ.

*Negligence,* Store.   *Evidence,* Judicial notice, Relevancy and materiality.

Judicial notice could not be taken that a terrazzo floor would become dangerously slippery when wet. [95–96]

A finding of negligence on the part of the proprietor of a store toward a customer who slipped and fell in a recessed entranceway of the store having a terrazzo floor constructed of marble chips laid in cement was not warranted by evidence merely that the accident happened early in the afternoon of a rainy day and that the floor was "all wet," with "mud all over it," and "slimy looking." [96]

Faulkner *v.* J. H. Corcoran & Co. Inc.

In an action against the proprietor of a store for personal injuries sustained by a customer through slipping and falling on the floor of a recessed entranceway of the store, evidence that the condition of another entranceway of the store was not the same as that of the entranceway where the accident happened was not material and was properly excluded.   [96]

TORT.   Writ in the Superior Court dated March 18, 1958. The action was tried before *Hudson,* J.

*C. Thomas Zinni,* for the plaintiffs.

*W. Lloyd Allen,* for the defendant.

WILLIAMS, J.   This is an action of tort by Hope E. Faulkner (hereinafter called the plaintiff) to recover damages for personal injuries and by her husband to recover consequential damages resulting from her falling in the entranceway of a store of the defendant.   The plaintiffs excepted to the allowance of a motion by the defendant for directed verdicts and to the exclusion of certain evidence.

There was evidence that the defendant's store was located at the corner of Massachusetts Avenue and Essex Street in Cambridge with entrances on both streets.   At about 1 P.M. on November 1, 1957, the plaintiff started to enter the store by the Essex Street door for the purpose of making a purchase.   The entranceway was recessed and the door was at the rear of an alcove.   The surface of the alcove floor was "slightly inclined" from the sidewalk to the door and was composed of "tile and sort of a marble tile" referred to by a witness as a terrazzo floor, that is a floor constructed of marble chips laid in cement.   It had been raining all day and as the plaintiff entered the alcove she noticed that "there was a lot of mud, water and slime on the floor . . . and it was all wet and mud all over it and slimy looking."   She had walked in about six feet when she slipped and fell upon her back.   There was mud in the street gutter outside "and it seemed as if it were being tracked in towards this entrance" by customers.

There was no evidence of any defect in the floor or that its construction was such that mud and water made it peculiarly slippery.   We do not know and therefore can-

not take judicial notice as requested by the plaintiffs that a terrazzo floor becomes dangerously slippery when wet.   As was said in *Moors* v. *Boston Elev. Ry.* 305 Mass. 81, 82–83, "There was nothing to show any more mud or water than inevitably results from the tramping of many feet in such a place at that time of day under the conditions of weather then existing.   There was nothing to show that the defendant omitted any precaution which would have been practical or reasonable under the circumstances."   There was no error in directing verdicts for the defendant.   *Battista* v. *F. W. Woolworth Co.* 317 Mass. 179.   *Grace* v. *Jordan Marsh Co.* 317 Mass. 632.   *Policronis* v. *Jordan Marsh Co.* 333 Mass. 767.

After several questions to the plaintiff as to the condition of the surface of the Massachusetts Avenue entrance had been excluded her attorney said, "What I would like to show is that the condition of the entranceway on Massachusetts Avenue was not the same as that on Essex Street — that it did not contain the same substance as the entrance on Essex Street."   The judge excluded the inquiry and the plaintiffs excepted.   Assuming that the attorney's statement amounted to an offer of proof there was nothing to indicate any materiality in the offered evidence.

*Exceptions   overruled.*