Banks, J.
This is an action in tort to recover for personal injuries sustained by the plaintiff in a fall on what she alleges were the defendant’s negligently maintained business premises.
The trial court found for the plaintiff in the amount of $7,650.00, less a twenty *197 percent (20%) reduction for her contributory negligence. Judgment was entered for the plaintiff in the net amount of $6,120.00.
The defendant challenges on this appeal the trial court’s denial of its “Motion for a Directed Finding”[1] filed at the close of the plaintiffs evidence, and the court’s disposition of the defendant’s requests for rulings. The sole issue raised by the defendant’s appeal is whether the evidence presented was sufficient to permit a finding for the plaintiff.
The evidence reported to this Division is as follows:
Plaintiff Ella Kirmes, a seventy-six year old woman, entered the defendant’s grocery store in Stoneham, Massachusetts at about 3:00 P.M. on May 6,1988 for the purpose of making purchases. It had been raining for an extended period of time on that day. The plaintiff entered the defendant’s store at the southern exterior entrance, passed through avestibule and proceeded through an inner entrance door which had a mat immediately in front of it. When the plaintiff stepped off the mat on to the tile floor inside the store, she slipped and fell, striking her left wrist against a metal bar which separated her ingress lane from the exit lane to her left. She testified that she had been “looking up and down” as she proceeded; she did not testify that she saw any accumulation of water prior to, or at the time of, her fall.
The plaintiff further testified that she spoke with two of the defendant’s employees aboutherfall, and then accompanied the store manager to an upstairs office where she reported the incident and received minor first aid (an ice cube and a bandage). Upon coming down from the office to leave the store, the plaintiff returned to the area of her fall. She testified that she then observed a dirty puddle of water on the tile floor which measured approximately three feet by four feet in area. When asked her opinion as to the depth of the puddle, the plaintiff testified:
I really couldn’t say. But there was enough there. You could see it when I came back down. I did see there was quite a bit there.
The testimony of the defendant’s assistant store manager corroborated the plaintiffs report of her injury on the date and at the time alleged. The defendant also introduced into evidence the accident report completed by the assistant manager on the day in question. The report stated that the floor in the area of the plaintiff’s fall was tiled and wet, but that there were no puddles.
1. The defendant’s liability, if any, in this matter of course rested upon a breach of its general obligation to its business invitees
to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any dangers that might arise from such use, which are not likely to be known to them, and of which the defendant knows or ought to know.
Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 166-167 (1973). Proof ofthe defendant’s breach of due care or negligence in maintaining a defective or dangerous condition on its premises which causes injury requires evidence
that the dangerous condition was caused by a person for whose conduct the defendant was responsible or that the defendant’s employees knew of thecondition... [orthattheconditionjhadbeenonthefloorforsuchalength of time that the defendant’s employees, in the exercise of reasonable care, *198 should have been aware of its presence and taken steps to remove it or to warn the customers.
Deagle v. Great Atlantic & Pacific Tea Co., 343 Mass. 263, 265 (1961). In the instant case, there was no evidence or even intimation that the defendant or its employees created the defect of transitory water on the tile floor. Contrast, e.g., Murray v. Donelan, 333 Mass. 228 (1955) (defendant negligent in nailing piece of tin to floor which, when it became wet on rainy day, made surface slipperier than wet floor); Hutchins v. F. W. Woolworth Co., 324 Mass. 5 (1949) (defendant negligent in repeated, improper application of oil to floor which created slippery puddles in combination with water on rainy day); Laskey v. First Nat’l Store, Inc., 317 Mass. 624 (1945) (defendant negligent in applying oil coating to floor in such quantifies that it produced thick, slippery coating when brought to surface by water tracked in on rainy day). There was also no evidence herein that the defendant or its employees actually knew of the water’s existence or, from past experience, ought to have anticipated a defect at this particular location. Contrast, e.g., Marston v. Auto Laundries, Inc., 356 Mass. 743 (1970) (defendant negligent for car wash attendant’s failure to remedy or give warning of slick ice formation of which he was aware); Riley v. National Pneumatic Co., 341 Mass. 736 (1961) (defendant negligent in failing to repair sprinkler system when it knew dripping from leak caused formation of slippery pools of water on linoleum floor).
2. In the absence of such evidence, the plaintiff could establish the defendant’s negligence only upon proof which warranted an inference and finding that the accumulation of water had existed for a sufficient length of time to have enabled the defendant, in the exercise of reasonable care, to have discovered and removed it prior to the plaintiffs fall. The specific period of time deemed reasonable for the defendant’s discovery and removal is a function in part of the defendant’s opportunity for discovery, Deagle v. Great Atlantic & Pacific Tea Co., supra at 265, based on the number of the defendant’s employees in close proximity to the dangerous condition who would become aware of it in the ordinary performance of their duties. See Gallagher v. Stop & Shop Inc., 332 Mass. 560, 563-564 (1955). There was some evidence in the instant case that the site of the plaintiff s fall was within view of both an “audio” section of the store located opposite the door and a row of cash registers to the left of the door. No evidence is reported, however, as to the distance of these work stations from the site of the fall, whether the stations provided an unobstructed view of the floor area in question, or even whether the stations were in use by any employee prior to the incident.
Even assuming that the accumulation of muddy water could have been observed from one of the work stations or by a stock clerk or other employee moving about the store, the central question remains whether there was any evidence permitting an inference as to the length of time the water had been on the floor. In the absence of any direct evidence of the duration of the dangerous condition, the plaintiff herein understandably resorted to circumstantial evidence consisting of a description of the condition in question. See Oliveri v. Massachusetts Bay Transp. Auth., supra at 168. However, the plaintiff’s characterization of the water as “dirty” or “muddy” was of little, if any, probative value in determining how long the water had remained on the floor. Thornton v. First Nat’l Stores, Inc., 340 Mass. 222, 226 (1960). See also, Faulkner v. J.H. Corcoran & Co., 342 Mass. 94 (1961) (description of entrance-way as “wet,” “mud all over it” and “slimy” insufficient to prove duration); Polcronis v. Jordan Marsh Co., 333 Mass. 767 (1955) (entrance-way steps “covered with mud and slime” insufficient); Tariff v. S.S. Kresge Co., 299 Mass. 129 (1937) (“dirty, reddish” puddle of water measuring 1-11/2 feet and drying at edge insufficient); Ventor v. Marianne, Inc., 1 Mass. App. Ct. 224 (1973) (dirty, soapy wet area measuring 2 feet by 1 1/2 feet insufficient).
Similarly, the plaintiff’s estimation of the puddle’s measurements, coupled with her *199 inability to quantify the depth of the puddle, was a description which would not support an estimate of time that was other than highly speculative. Compare, e.g., Correira v. Atlantic Amuse. Co., 302 Mass. 81 (1938) (water puddle was “of such depth that movement of foot would cause a splash”). The plaintiffs observation of the water was not in fact made until she was on her way out of the store after having spent some measurable period of time with the defendanf s employees. It is significant that she did not testify to observing standing water at the time of the fall, compare, e.g., Ventor v. Marianne, Inc., supra at 225 (water “splattered” as plaintiff fell), and the absence of such testimony merely raises further questions as to the length of time a noticeable accumulation of water had remained on the floor on the rainy day in question.
In short, the evidence presented by the plaintiff to establish the defendanfs opportunity to observe and correct the alleged dangerous condition was insufficient to warrant a finding of the defendanfs negligence. The defendanfs motion for involuntary dismissal should have been allowed.
The court’s judgment for the plaintiff is hereby vacated. Judgment for the defendant is to be entered. So ordered.

 In District Court practice, such motion is one for involuntary dismissal pursuant to Dist/ Mun. Cts. R. Civ. P., Rule 41(b) (2).