Furnari, J.
This is an action in tort to recover for personal injuries sustained by the plaintiff in a fall in the defendant’s supermarket. The trial court entered judgment for the plaintiff in the amount of $8,000.00, and the defendant appealed to this Division pursuant to Dist./Mun. Cts. RADA, Rule 8C.
The record indicates that at the time of the incident on October 20,1989, it had been raining steadily for three days. As the plaintiff entered the defendant’s market, she observed that the floor was soaking wet and appeared to be slippery, but that there were no mats or warning signs of any kind. The plaintiff still proceeded cautiously, taking small slow steps and holding the hand of her niece. After entering only about four feet into the store, the plaintiff slipped, attempted unsuccessfully to break her fall with her left hand, and landed on her back.[1] The location of the plaintiff’s fall was adjacent to the check-out area in the front of the defendant’s supermarket.[2] There was no evidence that the defendant created the wet and slippery condition, or was actually aware of it.
At the conclusion of the plaintiff's evidence, the defendant filed a Dist./Mun. Cts. R. Civ. R, Rule 41(b) (2) motion for involuntary dismissal on the grounds that the plaintiff had demonstrated “no right to relief.” The motion was denied.
At the close of all of the evidence, the defendant filed requests for both findings *42 of fact and rulings of law. The court properly declined to act on the defendant’s requests for findings, see Dist./ Mun. Cts. R. Civ. R, Rule 52 (a), LaFoley v. Ferbas, 335 Mass. 769 (1957), denied all six of the defendant’s requests for rulings of law, and filed extensive findings of fact which included the following:
There had been a prolonged period of rain preceding and through the date of the incident. When the plaintiff entered the store, she immediately observed that the floor was slippery and soaking wet. There were no mats and no signs indicating that the floor was wet or warning people entering the store of the condition of the floor....
There were a number of Stop & Shop employees in the vicinity of the fall which took place near the check out area.... There was no credible evidence that any of the employees in the area of the slippery and wet floor were taking steps to correct the condition of the floor which I find was clearly visible to the employees.... The plaintiff has proven by the preponderance of the evidence that the floor was ‘slippery and very wet,’ that the condition was in plain view of Stop & Shop employees, that the ’slippery and very wet’ condition of the floor was present for a substantial period of time, that Stop & Shop had had a reasonable time in which to discover the condition and remedy it,... I further find that the plaintiff exercised that degree of care that an ordinary reasonable person would have exercised under the circumstances which existed at the time of the accident....
1. An appeal to this Division is commenced by the timely filing of a proper notice of appeal and the payment of a filing fee pursuant to Dist./Mun. Cts. R.AD.A., Rules 3,4. The requisite contents of a notice of appeal are prescribed by Rule 3(c), and include:
(2) a concise statement of the issues of law presented for review, [and]
(3) the judgment, ruling, finding, decision or part thereof being appealed....
With respect to the contents of the notice, Rule 3(c) expressly provides that the “[n]otice of appeal shall limit the scope of the appeal....”
The defendant’s notice of appeal in this case simply recites:
The issues presented for review include the Court’s Findings of Fact and Rulings of Law, the Court’s refusal to grant the Rule 41 Motions, the Court’s refusal to allow the defendant’s Requests, the Court’s finding of negligence and the judgment.
Such recitation merely identifies the procedural mechanisms by which questions of both fact and law were raised by the defendant and resolved by the trial court, and fails to serve as the statement of specific legal issues framed for appellate consideration which is mandated by Rule 3(c). Such a complete omission.of any statement of issues in a notice of appeal may well, in a future case, result in a forfeiture of any right to appellate review.
2. In this case, a single, dispositive issue of law is readily apparent from the court’s denial of both the defendant’s Rule 41 (b) (2) motion and its requests for rulings numbers 1,2 and 6;[3] namely, the legal sufficiency of the plaintiff’s evidence to *43 permit a finding in her favor. Confining our analysis to this determinative issue, we concur with the defendant that the plaintiff failed to establish anything more than the existence of a transitory condition of water on business premises attributable to the tramping of feet in wet weather for which no liability in negligence could reasonably attach. See, e.g., Battista v. F.W. Woolworth Co., 317 Mass. 179, 180-181 (1944): Moors v. Boston Elev. Rwy. Co., 305 Mass. 81, 82-83 (1940); Tariff v. S.S. Kresge Co., 299 Mass. 129, 130 (1937); Wexler v. Stanetsky Mem. Chapel of Brookline, Inc., 2 Mass. App. Ct. 750, 751-752 (1975).
The only evidence advanced by the plaintiff was that the floor of the defendant’s supermarket was very wet and slippery on the rainy day in question. The adjectives “wet” and “slippery” are not alone sufficient, however, to establish the existence of an actionable condition for which the defendant could be held liable. Dolan v. Boston & Maine R.R., 328 Mass. 532, 534 (1952); Livingston v. Friend Bros., Inc., 302 Mass. 602 (1939); Kiley v. New York, N.H. & Hart, R.R., 301 Mass. 570, 571 (1938); Aceto v. Legg, 1990 Mass. App. Div. 191, 193. There was no additional evidence at trial, e.g., of any defect, wear or unnatural condition in the flooring which rendered it peculiarly slippery when wet. Lowe v. National Shawmut Bank of Boston, 363 Mass. 74, 77-78 (1973); Tavano v. Worcester, 287 Mass. 420, 423 (1934). Compare Murray v. Donelan, 333 Mass. 228, 229 (1955) (piece of tin nailed to floor by defendant made floor unusually slippery on rainy day); Laskey v. First Nat'l Stores, Inc., 317 Mass. 624, 626-627 (1945) (floor particularly slippery when rainwater combined with oil treatment placed on floor by defendant).
Nor was there any evidence of an unusually large accumulation of water. A slippery condition resulting from inclement weather of the sort alleged by the plaintiff herein would permit a finding of negligence only where there was evidence of “water in larger quantity or for a greater length of time than was naturally to be expected in the circumstances.” Grace v. Jordan Marsh Co., 317 Mass. 632, 633 (1945). See also Policronis v. Jordan Marsh Co., 333 Mass. 767, 767-768 (1955). The plaintiff never described even a single puddle, pool or other quantifiable deposit of water of any kind that the defendants employees should have discovered and remedied in the exercise of due care. Compare Correira v. Atlantic Amusement Co., 302 Mass. 81, 82 (1939) (water puddle was “of such depth that a movement of the foot would cause a splash”). There is no evidence in the record as to the component materials of the supermarket floor to support an inference that rainwater could have soaked into the floor and accumulated to some appreciable extent. Thus the plaintiffs characterization of the floor as “soaking” wet tended equally to sustain the contrary proposition, see Poirier v. Plymouth, 374 Mass. 206, 216 (1978); Sevigny’s Case, 337 Mass. 747, 750 (1958), that the rain tracked on to the supermarket floor by customers created little more than a surface film of water. See Leary v. Jordan Marsh Co., 322 Mass. 309, 310 (1948).
The minimal description of the market floor as very wet and slippery also failed to raise any inference as to the length of the time the floor had remained in that condition. See. e.g., Faulkner v. J.H. Corcoran & Co., 342 Mass. 94, 95 (1961) (“wet,” “slimy” entranceway with “mud all over it” insufficient to prove duration); Reardon v. Boston Elev. Rwy., 311 Mass. 228, 230 (1942) (slippery, slimy, wet area of passageway approximately 4” by 21” did not indicate time).[4] The fact that it had been raining for three days did not establish that rainwater had been steadily *44 accumulating, or that the market floor had been dangerously slippery, for that period of time. Given the heavy rain, a sudden rush of customer traffic into the store could just as easily have created the conditions described only moments before the plaintiffs mishap. Nor is there anything in the record to support the court’s finding that the wet and slippery condition described was in plain view of a number of the defendant’s employees who were negligent in failing to discovery and correct it. While the plaintiff testified that she fell near the checkout section of the supermarket (see note 2, ante), there was no evidence as to the number of employees actually working at the time in question, the specific nature of their duties, their physical proximity to or distance from the exact location of the fall, whether they were even facing in the plaintiff’s direction or whether the area in question was plainly visible to them. Deagle v. Great Atlantic & Pac. Tea Co., 343 Mass. 263, 265-266 (1961). Compare, e.g., Gallagher v. Stop & Shop, Inc., 332 Mass. 650, 563 (1955): Foley v. F.W. Woolworth Co., 293 Mass. 232, 233-234 (1936).
3. Accordingly, the plaintiff failed to satisfy her burden of proving the defendant’s negligence. Battista v. F.W. Woolworth Co., supra at 180, and the defendant’s requests for rulings numbers 1,2 and 6 and its Rule 41(b) (2) motion should have been allowed.
The trial court’s judgment for the plaintiff is reversed and vacated. Judgment is to be entered for the defendant.

The defendant’s appeal presents no issue as to the nature of the plaintiff’s injuries, or the amount of the medical expenses she incurred.

The plaintiff testified: “And here’s the registers, here. And here was a police officer, here. And just as I took that left, my balance and my foot came under me....”

“1. The plaintiff has failed to prove negligence or breach of duty on the part of the defendant.
“2. The plaintiff has failed to prove that her damages, if any, were proximately caused by the negligence of the defendant.
“6. The evidence does not warrant a finding for the plaintiff, and therefore a finding for the defendant is required as a matter of law.” •

Indeed, the plaintiffs testimony fell short of even the descriptions in the following cases which were deemed to be of little or no probative value in establishing length of time: Leary v. Jordan Marsh Co., supra at 309-310 (three pools of water the size of dinner plates with drying mud at edges): Tariff v. S.S. Kresge Co., supra at 129-130 (11/2’ wide puddle of very dirty, reddish water with drying edges); Kirmes v. Stop & Shop Companies, 1992 Mass. App. Div. 196 (dirty puddle of water measuring 3’ x 4’)