Connon, Richard F., J.

INTRODUCTION

The plaintiffs, Francis David Landsberg (“Mr. Landsberg”) and his wife Linda Landsberg (collectively “the Landsbergs”), brought this personal injury action against the defendants, John Beck (“Mr. Beck”) and Helen Beck (collectively “the Becks”), and their homeowners insurance provider, Hingham Mutual Fire Insurance Company (“Hingham Mutual”), seeking to recover medical costs and other related damages that Mr. Landsberg suffered after falling off a step ladder inside the Becks’ house. The matter is before the court on the Becks’ motion for summary judgment. For the following reasons, the motion is ALLOWED.

BACKGROUND

Mr. Landsberg and Mr. Beck have been friends for years. In June of 2006, Mr. Landsberg, a Florida resident, came to Massachusetts to visit his sister. *594 During his stay, he offered to perform some gratuitous work in the Becks’ basement. On June 30, 2006, when Mr. Landsberg began installing insulation in the basement ceiling, he fell off a step stool that was provided to him by the Becks and sustained injuries to his leg when he landed partially on a bucket. Mr. Landsberg had used the step stool on prior occasions, but never noticed any visible signs of defect. In his deposition, Mr. Landsberg stated that the step stool was wobbly and he fell when the “step stool went over.” When asked about his knowledge of any facts that would support a finding that Mr. Beck was at fault, Mr. Landsberg answered: “All I can say is it wasn’t my fault. That’s all I can tell you. It would have to be placed in the hands of someone else.”
On November 19, 2007, the Landsbergs filed a complaint against the Becks charging negligence, breach of the implied warranty of fitness for a particular purpose, breach of the implied warranty of merchantability, and violation of chapter 93A. Subsequently, the Landsbergs amended their complaint to add Hingham Mutual as co-defendant, alleging chapter 176D and 93A violations. The Becks have moved for summary judgment on all counts.

DISCUSSION

I. Standard of Review

The court shall allow a motion for summary judgment where the record shows that no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Highlands Ins. Co. v. AeroVox, Inc., 424 Mass. 226, 232 (1997); Mass.R.Civ.P. 56(c) (2008). The moving party bears the burden of showing both the absence of a material fact and that it is entitled to a favorable ruling as a matter of law. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 711-12 (1991); Mass.R-Civ.P. 56(c). A fact is “material” if it “might affect the suit under the applicable law.” Mulvihill v. Top-Elite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003).
In opposing the motion, the nonmoving party cannot simply make bare assertions of disputed facts. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Rather, he must allege specific facts and produce admissible evidence into the record. Id. In determining whether a factual dispute exists, the court will construe the facts in the light most favorable to the nonmoving parly. Harrison v. NetCentric Corp., 433 Mass. 465, 468 (2001).

II. Analysis

A.The Summary Judgment Record Does not Establish Negligence Against the Becks
The Landsbergs have been unable to assert any facts showing that the Becks were negligent in maintaining their premises. An owner of land has the duty to use reasonable care to keep the premises in reasonably safe condition for lawful visitors or to warn of any danger or defect on the premise that is not likely to be known to them and of which the owner knows or ought to know. Mounsey v. Ellard, 363 Mass. 693, 710 (1973); O'Sullivan v. Shaw, 431 Mass. 201, 204 (2000). Here, the summary judgment record does not establish any facts, no matter how favorably construed, demonstrating that the Becks knew or should have known that the step stool was wobbly. This point resonates even more loudly when considering the fact that Mr. Landsberg had himself used the step stool not long before the accident without noticing a problem. In any event, a mere allegation that the step stool was wobbly, without more, does not present a sufficient factual basis for holding the Becks negligent. See Dolan v. Boston & M.R.R., 328 Mass. 532, 534 (1952) (holding that plaintiffs description of platform as “icy” is insufficient to show that platform was dangerous so as to establish negligence). Therefore, summary judgment on the negligence count will be allowed.

B.The Summary Judgment Record Does Not Establish Liability against the Becks under the Implied Warranty Theories

The Becks are entitled to summary judgment in their favor for counts two and three of the complaint because the implied warranties do not apply to them. Both the implied warranty of merchantability and that of fitness for a particular purpose are warranties that the law implies against a seller of goods. G.L.c. 106, §§2-314, 2-315; Ramcharran v. Carraro Graphic Equipment, Inc., 823 F.Sup. 63, 67 (1993). Here, there was no sale and no allegations that the Becks are merchants. Therefore, the Becks’ motion for summary judgment will be allowed on the implied warranty of merchantability and fitness for a particular purpose counts.

C.Chapter 93A Does Not Provide the Landsbergs with a Cause of Action

Finally, chapter 93A does not afford a remedy to the Landsbergs because there was no transaction. In Massachusetts, “(ujnfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful.” G.L.c. 93A, §2. Here, there was no trade or commerce, but merely a private dealing between a friend helping another insulate his basement ceiling gratuitously. See Lantner v. Carson, 374 Mass. 606, 608 (1978). Therefore, summary judgment on the chapter 93A count will be allowed in favor of the Becks.
ORDER
For the foregoing reasons, it is hereby ORDERED that John and Helen Beck’s motion for summary judgment be ALLOWED.