*Northern District*
No. 5974
**HERBERT STEARNS et al**
v.
**STAR MARKET CO.**
Filed January 8, 1965

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Connolly*, *J*. in the Third District Court of Eastern Middlesex. No. 3566.

*Brooks, P. J.* This is an action of tort to recover for personal injuries and consequential damages resulting from Audrey Stearns falling while on defendant's premises. The answer is general denial, contributory negligence and assumption of risk.

Audrey Stearns entered defendant's store to shop. While she was pushing a basket around the store she approached the watermelon counter. Leaving her basket she walked toward the counter and just as she reached it she fell injuring her knee.

She testified that there was water on the floor for a space *two feet wide and two feet out from the counter.* She saw crushed ice on the counter and water dripping down on the floor. There were no employees of defendant in the vicinity.

There was testimony from defendant's safety manager that the counter in question consisted of a table about ten feet long and four feet wide which had an edge or rail around it three or four inches high. At the low point in the center of the counter was a drain which ran down into the cellar. The manager testified that when the watermelons were on display one or two buckets of crushed ice, four to six gallons altogether, were distributed over the watermelons. It was further testified that the ice and fruit were set out between 8 or 9 A.M. and removed at night

and that the ice is replenished as required during the day.

The manager testified that he knew nothing about the accident at the time and that he *first* inspected the table routinely within a week or ten days after the accident. At that time there was nothing wrong with the counter or drain and no water or ice on the floor. He acknowledged that ice could have fallen to the floor while loading the table and that ice or water could have fallen to the floor in the process of customers handling the merchandise. Clerks were instructed to keep the floor clean and dry. No record was kept of mopping inspection or addition of ice.

The defendant filed requests for rulings which, with the court's disposition thereof, were as follows:

1. The evidence does not warrant a finding that defendant actively caused the water to be on the floor.

2. The evidence does not warrant a finding that defendant knew of the existence of the water on the floor.

3. The evidence does not warrant a finding that the water existed on the floor a sufficient length of time so that defendant should have discovered it and had it removed. *Leary v. Jordan Marsh,* 322 Mass. 309.

4. How long the water had existed on the floor is purely conjecture.

5. The evidence does not warrant the

application of the doctrine of res ipsa loquitur in this case.

6. The evidence does not warrant a finding that defendant was negligent.

7. The evidence warrants a finding that plaintiff Audrey Stearns was negligent and that her negligence contributed to the happening of the accident.

8. The evidence does not warrant a finding for the plaintiffs.

The court made the following rulings and findings:

1. *Denied.* I do not find that the defendant, through its employees, deliberately placed or caused the water to be on the floor but do find that the actions of these employees in the course of their employment were responsible for the water being on the floor.

2. *Denied.* Evidence warrants a finding that the defendant is charged with knowledge of existence of water on the floor.

3. *Denied.*

4. *Denied.* It is not conjecture that the water had remained on the floor long enough for the defendant to have discovered it and have it removed.

5. *Allowed.*

6. *Denied.*

7. *Allowed.*

8. *Denied.*

"I find that the plaintiff was caused to slip and be injured as a result of water

on the floor of defendant's premises. The water was near the counter on which watermelons were displayed for sale and on which the defendant had placed ice. Although there was a drain in the counter, apparently it was not working. The water from the melting ice was dripping over the edge of the counter and formed a puddle on the floor at the time of the plaintiff's injury. The railing around the counter, which was four or five inches high, contained water from the melting ice and the water on the floor came over the top of the railing.

"I find that the defendant should have anticipated that the drain might not function properly; that water might accumulate on the counter from the melting ice; that water might drip over the edge of the railing on the counter and form a puddle which would create a dangerous condition and that these eventualities which the defendant might have anticipated did, in fact, occur.

"I find that the plaintiff was in the exercise of due care. I find for the plaintiff in the amount of Seven Hundred Fifty ($750) dollars under Counts 1 and 2, and for $50 under Count 3.

"I treat the plaintiff's requests for rulings as waived."

In coming to his conclusion the trial judge drew four inferences.

The *first inference* was that plaintiff's fall was caused by the condition of the floor made slippery by water dripping from the watermelon counter. This was clearly a reasonable inference.

*Secondly,* the judge found that the water on the floor came from the melting ice which had overflowed the counter. That surely was not a stretch of the imagination.

*Thirdly,* the judge found that the overflow was due to failure of the drain to operate efficiently thereby causing water to accumulate to a level above the top of the rail around the counter. This is certainly a reasonable inference.

The *fourth inference* is the one most vigorously questioned by the defendant. The judge found that defendant should have anticipated that the drain might for various reasons fail to carry off the melting water and that defendant should have kept closer watch of the area. We think that this last inference was permissible and that defendant failed in its duty. We know that ice melts with varying degrees of speed depending on varying degrees of temperature. Furthermore, the clogging of drains is not an unfamiliar episode either in the domestic or the public domain and is usually due to forseeable circumstance.

The judge in effect held that defendant had installed and was maintaining a contrivance which called for greater attention

than defendant was giving to it just prior to this accident and that this inattention resulted in plaintiff's injury.

This is not like the ordinary case of premises made dangerous by outside introduction of some substance which caused a dangerous condition. Here the condition was caused by defendant itself. There was no prejudicial error in the court's rulings or findings of fact. *Report dismissed.*

Nason & Paven, of Boston, for the Plaintiffs.

David W. Woods, of Boston, for the Defendant.