Curran, Dennis J., J.

INTRODUCTION

Eugene Worster sued Eagle Bank to recover for personal injuries suffered when he slipped and fell on the bank’s lobby floor. The bank moved for summary judgment. After a hearing, the motion is ALLOWED for the following reasons.

BACKGROUND

The material facts are undisputed, and summarized in the light most favorable to Mr. Worster. On January 25, 2005, sometime between 1:00 and 2:00 p.m., Mr. Worster entered the bank to cash a check. The weather on this date was “fair” with melting snow on the ground. He entered the bank through a rear entrance and proceeded directly to a teller at the counter. About four minutes later, he turned around and took ten to fifteen steps towards the exit when he slipped and fell on the tile floor of the bank lobby. During his deposition, he described the area of the floor where he fell as a “moisture area.” He testified that the moisture area was not a puddle, that he did not observe any pooled water, but that he did observe that the moisture area was dirty and had a few footprints in it. He first noticed the moisture area only after he had fallen and was kneeling on the floor.

DISCUSSION

The pivotal issue is whether or not Mr. Worster’s evidence — specifically, his deposition testimony describing the moisture area as containing dirt and footprints— is sufficient to permit a juiy to infer that the moisture area had been present on the floor for an unreasonable length of time such that the bank was negligent in failing to detect and remove it before his fali.[1] Thurlow v.Shaw’s Supermarkets, Inc., 49 Mass.App.Ct. 175, 176 (2000) (quoting Oliveri v. Massachusetts Bay Transportation Authority, 363 Mass. 165, 167 (1973)).
In his opposition to the bank’s summary judgment motion, Mr. Worster argues that “(e)vidence of dirt, trampling, and decay is indicative of the amount of time an organic substance has been on the floor.” Hennessey v. Stop & Shop Supermarket Companies, 65 Mass.App.Ct. 88, 93 (2005) (citing Oliveri, 363 Mass. at 168-69 (1973)). This proposition of law is inapposite to his argument however, as it pertains to cases involving organic matter with properties that may permit inferences as to the length of time that the matter remained on the floor. See e.g., Oliveri, 363 Mass. at 166 (foreign object could only be described as “dirty, kind of muddy, two or three inches long, two inches wide, and one-half inch high”); Berube v. Economy Grocery Stores Corporation, 315 Mass. 89, 92 (1943) (sticky, grimy, dirty colored squash); Connair v. J.H. Beattie Co., 298 Mass. 550, 551 (1937) (a quarter-inch-thick mass of brown wax beans and black strawberries); Hennessey, 65 Mass.App.Ct. at 88 (brown banana).
There is no evidence here that the moisture area on the bank lobby floor was of a size or accumulation that would suggest “that the water on the floor was more than inevitably results from the trampling of many feet in such a place under the conditions of weather then existing.” Wexler v. Stanetsky Memorial Chapel of Brookline, Inc., 2 Mass.App.Ct. 750, 751 (1975) (citations omitted). Here, Mr. Worster has merely alleged that he slipped on an area of wet floor in which he noticed dirt and footprints. Such circumstantial evidence, without more, does not warrant an inference *708 as to the length of time the wet condition may have existed on the floor before his fall. Leary v. Jordan Marsh Company, 322 Mass. 309, 310-11 (1948).
Thus, as a matter of law, Mr. Worster’s evidence is insufficient to overcome the bank’s motion for summary judgment, because it fails to establish an essential element of his claim. Kourovacilis v. General Motors Corporation, 410 Mass. 706, 715-16 (1991).

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendant’s Motion for Summary Judgment is ALLOWED.
Judgment shall enter for the defendant Eagle Bank.

There is no evidence on the record that the bank caused the condition at issue, or that any of the bank’s employees, by reason of their physical proximity to the condition or otherwise, should have become aware of the moisture area in the normal performance of their duties. Oliveri, 363 Mass. at 167.