Hurley, J.
The defendant appeals from a judgment entered after a three-day trial. We determine there was no error and dismiss the appeal.
*147 The plaintiff engaged the defendant brokerage to find a purchaser for a mobile home which he owned. An offer to purchase was secured from Charles McQuarrie.[2] The plaintiff’s sister was residing in the home. The offer was presented to her and she signed accepting the offer. At the urging of the defendant, she then signed the plaintiff’s name. The offer was sent to the plaintiff who accepted it and returned it to the defendant. Because the contemplated purchase agreement was set to be executed while the plaintiff was scheduled to be out of the country, the defendant prepared a form of a power of attorney so that his sister could execute the purchase agreement on his behalf. The power of attorney did not contain an expiration date, but the evidence warrants the conclusion that it was intended to authorize the plaintiff’s sister to execute documents necessary to the sale while the plaintiff was out of the country. No documents were executed in his absence. After the plaintiff returned, the broker negotiated and prepared a sale agreement and a lease. These documents were signed by the plaintiff’s sister pursuant to the power of attorney, without the plaintiff’s knowledge. The terms in the sale agreement were the same as in the offer accepted by the plaintiff with the exception of the closing date (one year later). The mobile home was leased for one year by the McQuarries. The lease contained an option to purchase. The evidence supports a finding that the documents were signed by the plaintiff’s sister at the urging of the broker. Shortly after the plaintiff discovered that a lease had been signed, he brought eviction proceedings against the McQuarries. This lawsuit followed.
The defendant raises three issues on its appeal:
1. That the judgments against it are not supported by findings of fact as required by Dist./Mun. Cts. R. Civ. R, Rule 52(a).
2. That the plaintiff was bound by the acts of his agent.
3. That no demand letter on the G.L.c. 93A claim was introduced into evidence, vitiating the award for the 93A claim.
We discuss each issue separately.
FINDINGS OF FACT
The defendant filed requests for rulings of law and findings of fact at the conclusion of closing arguments. They were accepted by the court. The trial judge declined to act on the requests for rulings because they were too numerous. A trial judge in the District Court is not required to make written findings of fact pursuant to Dist./Mun. Cts. P. Civ. P., Rule 52(a). The rule provides that the District Court Judge “may find the facts specially and state separately its conclusions of law thereon.” There was no error in the trial judge’s failure to make findings of fact as requested by the defendant. See Stella v. Curtis, 348 Mass. 458, (1965); MacKenzie v. Auto Supermarket, Inc., 1986 Mass. App. Div. 165.
AGENCY
The defendant argues that the plaintiff’s actions clothed his sister with actual and apparent authority to act on his behalf. The defendant’s reliance on her directions was sufficient to discharge any obligations it had under any contract with the plaintiff.
The defendant’s amended notice of appeal does not state this issue as an issue of law presented for review. The general statement made by the defendant is that the judgment against the defendant is not supported by the evidence. The defendant filed 34 requests for rulings of law. The trial judge declined to act on those requests because they were too numerous. The defendant does not argue that this is an error. The trial judge was within his authority in ruling that the number of requests for rulings of law was excessive. Stella v. Curtis, 348 Mass. 458 (1965). None of the 34 requests for rulings is based “upon all of the evidence.” A review of the partial transcript provided to us, however, supports the court’s findings for the plaintiff against the defendant. No issue of law is presented.
93 A DEMAND LETTER
The last issue raised by the defendant is that no demand letter was introduced into *148 evidence by the plaintiff. This issue has not been preserved for review. The issue of a 93A demand letter is referred to in one of the defendant’s requests for rulings of law. It relates only to a demand letter sent by the McQuarries to the defendant. A review of the evidence[3] does warrant a determination by the judge that the plaintiff was “engaged in the conduct of any trade or commerce.” The plaintiff did not reside in the trailer and was motivated by a desire to invest the proceeds of a sale in other property. No demand letter issue was raised in closing arguments to the trial judge. This issue may not be raised for the first time on appeal. Burns v. Martin, 1993 Mass. App. Div. 76.
The appeal is dismissed.

 A party, but not involved in this appeal.

 Presented by the partial transcript.