Coven, J.
This is an action against a condominium unit owner to recover unpaid common area charges. The plaintiff-condominium trust has appealed the trial court’s assessment of attorney’s fees and purported denial of a request for a statutory order authorizing the sale of the defendant’s unit.
The complaint alleged that the defendant owed $1,155.17 in unpaid common area charges, assessments, late fees and interest; and sought the declaration of a G.L.c. 183A, §6 lien and judgment in that amount, together with attorney’s fees and a G.L.c. 254, §§5, 5A order for the sale of the defendant’s condominium.
Prior to trial, the plaintiff recalculated the amount of fees and charges owed by the defendant, and the parties then stipulated to damages, exclusive of attorney’s fees, in the reduced amount of $281.00. The case proceeded to trial on the remaining issue of the amount of attorney’s fees and costs due the condominium trust. Plaintiff’s counsel testified at length as to the nature of the legal services he performed for the condominium trust, the time expended and the out-of-pocket expenses incurred, and indicated that he had billed the trust for $2,888.37 for legal fees and $182.00 for costs.
After hearing, the trial court entered judgment for the plaintiff in the amount of $281.00 in damages, $200.00 in attorney’s fees, and costs and interest. The plaintiff thereafter sought to appeal on the record of proceedings pursuant to Dist./Mun. Cts. R. A D. A., Rule 8C, but the cassette tape of the trial could not be located. The plaintiff then submitted a “Statement of the Proceedings” under Rule 8C(e), which *83 was ultimately approved by the trial court.
The plaintiff has presented two issues of law on this appeal. The first issue is whether the trial court erred in failing to award the full $2,883.37 amount of attorney’s fees billed to the condominium trust and requested at trial pursuant to G.L.c. 183A, §6A(ii), which permits an organization of unit owners to assess attorney’s fees and, unlike §6 (c), does not use the term “reasonable attorney’s fees.” The second issue is whether, given the mandatory language of G.L.c. 183A §6(c) and c. 254, §5A, the trial court erred in refusing to enter a §5A order for the sale of the defendant’s condominium unit.
While the two issues framed by the defendant present significant, if not novel, questions of law, they cannot be raised for the first time on appeal. E.H.S. v. K.E.S., 424 Mass. 1011, 1012 (1997); Cheschi v. Boston Edison Co., 39 Mass. App. Ct. 133, 139 (1995). The issues in question were never properly presented to the trial court, nor adequately preserved for appellate review in the form of specific rulings by the judge. Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, The plaintiff failed to file any Mass. R. Civ. R, Rule 64A(b) requests for rulings of law which would have tested the sufficiency of the evidence to have required the findings and order to which the plaintiff now claims it is entitled. See Worcester County Nat’l Bank v. Brogna, 386 Mass. 1002, 1002-1003 (1982); The Victor Co. v. Chiozzi, 1994 Mass. App. Div. 240, 240-241. Nor did the plaintiff submit Mass. R. Civ. R, Rule 64A(a) requests for rulings setting forth correct propositions of law for the trial judge’s guidance in this matter. See Stella v. Curtis, 348 Mass. 458, 461 (1965); Cooperstein v. Turner Bros. Constr., Inc., 1992 Mass. App. Div. 249, 251.
The plaintiff’s failure amounted to more than a mere technical procedural misstep. As a practical matter, allegations of error in trial court rulings obviously cannot be considered on appeal if the record does not disclose what issues of law, if any, were actually directed to the trial judge’s attention and what rulings, if any, the judge made in response. There can be no error of law in a trial court ruling if no ruling was ever requested or made. With respect to the issue of attorney’s fees in the instant case, for example, the record is devoid of even a suggestion that the plaintiff argued to the trial court the position it now urges on appeal that G.Lc. 183A, §6(ii) must be construed as mandating an award by a trial court of the full amount of attorney’s fees billed to a condominium association by its attorney, rather than reasonable fees for such services. Indeed, it is particularly unlikely that the plaintiff ever presented this statutory proposition to the trial judge given the fact that the plaintiff’s own complaint stated that its bylaws obligated a unit owner to pay only “reasonable attorney’s fees” in connection with the collection of unpaid condominium expenses. Further, the entire trial of the plaintiff’s claim was devoted to a determination of the attorney’s fees due, and plaintiff’s counsel testified at length as to matters which would ordinarily be relevant only to a determination of reasonable attorney’s fees; namely, the nature of the legal services provided, the tíme expended etc. Had the plaintiff actually raised and relied on its current G.L.c. 183A, §6(ii) argument, it would have confined its case at trial to an introduction into evidence of the bill from its attorney.
Similarly, we cannot determine if the trial judge erred in refusing the plaintiff’s request for a G.Lc. 254, §5A order of sale because there is no indication in the record that the plaintiff ever requested such an order from the trial court. The matter is disputed by the defendant. Section 5A of G.Lc. 254 does indeed mandate that when the amount of a G.Lc. 183A §6 lien is established by the court, the court shall enter an order for the sale of the subject real estate to satisfy the lien. As with any relief, however, the order must be requested by the party seeking it. There is nothing in the docket entries in this case, or even in the “Statement of *84 Proceedings,” which the plaintiff herself prepared, which makes any mention of request for an order of sale.
Appeal dismissed.
So ordered.