Curtin, J.
This is a G.L.c. 93A action to recover for the defendant’s unfair and deceptive acts in breaching its G.L.c. 90, §7Nl/4 warranty on a used motor vehicle sold to the plaintiff. After trial, the court awarded treble damages and entered judgment for the plaintiff. The defendant has appealed pursuant to Dist/Mun. Cts. RA.D.A, Rule 8C.
As the sole basis of the defendant’s appeal is the denial of its Mass. R. Civ. R, Rule 41(b) (2) motion for involuntary dismissal,[1] we view the evidence in the light most favorable to the plaintiff. Devito v. Cellular Mobile Commun., Inc., 1993 Mass. App. Div. 48, 49. Plaintiff Maurice J. Haywood, Jr. (“Haywood”) purchased a new Isuzu Rodeo in 1993 from Bishway Isuzu, a car dealership owned and operated by the defendant.[2] On December 1, 1995, Haywood traded the Rodeo back to the defendant in exchange for both a 1988 Mazda and the defendant’s payment of the $12,150.00 outstanding balance on his Rodeo loan. The defendant’s documentation for this transaction, which included a purchase agreement, a vehicle invoice or bill of sale, and a Registry of Motor Vehicles registration form, indicated that the defendant valued the Rodeo trade-in at $15,995.00, subtracted the $1,215.00 balance Haywood owed on the Rodeo loan, and listed the sales price for the 1988 Mazda as the $3,844.40 difference.
*86 On the date of sale, the Mazda’s odometer reading was 78,380 miles. The defendant issued a G.L.C. 90, §7Nl/4 “Limited Used Vehicle Warranty” against any defects impairing the “safety or use” of the vehicle for 60 days or 2,500 miles. Haywood returned the Mazda to the dealership approximately 56 days and 2,000 miles later because of problems with the engine. After holding the Mazda for three weeks, the dealership informed Haywood that they were unable to repair the car, but would provide a substitute vehicle. After a delay of an additional two weeks, the defendant offered Haywood a 1991 Chevrolet Cavalier with a mileage in excess of 100,000 miles, or at least 20,000 miles more than the Mazda. Haywood declined the offer and demanded a refund of his purchase price. The defendant refused. ■
On April 9,1996, Haywood’s then attorney forwarded a G.Lc. 93A demand letter to the dealership which outlined the above facts, and requested the return of both the Mazda purchase price and monies allegedly owed on an unused portion of an extended Isuzu warranty on the Rodeo purchased in 1993. The defendant did not respond, and this action was filed on June 19,1996.
After trial, the court awarded Haywood treble damages in the amount of $11,880.00, plus costs and interest.
1. There is no merit in the defendant’s initial argument that the trial court was precluded from making a finding for Haywood on his G.L.c. 93A claim because of the absence of proof at trial that Haywood sent a timely demand letter which fully complied with all §9(3) requirements. It is of course axiomatic that to recover under G.Lx. 93A, a plaintiff must allege and prove that the demand letter requirements were satisfied. Rita v. Carella, 394 Mass. 822, 826 (1985). In this case, however, the record is clear that Haywood satisfied the statutory “prerequisite” to a G.L.C. 93A action, Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 287 (1985); Spilios v. Cohen, 38 Mass. App. Ct. 338, 342 (1995), by actually sending a demand letter more than thirty days prior to suit, by alleging the same in both his original and amended complaints, Slaney v. Westwood Auto, Inc., 366 Mass. 688, 704 (1975) and by attaching a copy of the letter to the complaints.
Haywood testified at trial that a G.L.c. 93A demand letter was indeed sent.[3] Any additional failure by Haywood to prove the demand letter at trial by introducing it into evidence did not require a finding for the defendant for the simple reason that the defendant never directly or specifically raised this issue at trial. A demand letter “is not jurisdictional in the sense that a party cannot waive it...” York v. Sullivan, 369 Mass. 157, 163 (1975). The defendant’s motion for involuntary dismissal argued on three stated grounds did not expressly include any challenge to the sufficiency of Haywood’s evidence as to the demand letter, and it would have been error for the trial judge to have responded to the defendant’s Rule 41(b) (2) motion with a sua sponte ruling that Haywood had failed to sustain his burden of proving the sending or sufficiency of the letter. Fredericks v. Rosenblatt, 40 Mass. App. Ct. 713, 717 (1996). Having failed to raise and preserve the issue at trial, the defendant cannot raise it on this appeal. Gorman v. NWRCI Brokerage, Inc., 1996 Mass. App. Div. 146, 147-148. See generally, Sugarman v. Board of Regis. in Medicine, 422 Mass. 338, 347 (1996); Fidelity Mgmt. & Research Co. v. Ostrander, 40 Mass. App. *87 Ct. 195, 200 (1996).
2. The first ground for the defendant’s motion for involuntary dismissal, that the Mazda was never actually sold to Haywood, requires little discussion.[4] The documentation prepared and issued by the defendant itself, coupled with the plaintiffs testimony, amply warranted a finding that Haywood purchased a used Mazda from the defendant which was covered by a G.L.C. 90, §7Nl/4 warranty. As a trial judge may properly disbelieve even uncontroverted testimony, Calderone v. Wright, 360 Mass. 174, 176 (1971), the judge in this case was certainly free to reject the testimony of the defendant’s sales manager which was contradicted by all other testimony and documentary evidence admitted at trial.
3. The short answer to the defendant’s second Rule 41(b) (2) argument, that Haywood failed to prove a G.Lc. 93A unfair or deceptive act by the defendant, is Subsection (6) ofG.L.c. 90, §7Nl/4 which unambiguously states:
(6) A dealer’s failure to comply with any of the provisions of this section shall constitute an unfair or deceptive act under the provisions of Chapter ninety-three A.
Proof by Haywood of the defendant’s non-compliance with the §7Nl/4 used car warranty provisions automatically satisfied Haywood’s G.L.c. 93A burden of proof as a matter of law. And the record clearly contained sufficient evidence of the defendant’s breach of warranty.
Subsection 3(A) (ii) of §7N1/4 mandates:
If the dealer fails to repair the same defect within 3 attempts or if the used motor vehicle is out of service for more than a cumulative total of ten business days after the consumer has returned it to the dealer for repair of the same, then the dealer shall accept return of the vehicle from the consumer and refund the full purchase price [emphasis supplied].
It is uncontroverted that Haywood brought the Mazda back for repairs four days and 500 miles before the expiration of the limited warranty, that the defendant held the car for three consecutive weeks before informing Haywood that it could not repair it, that Haywood declined the defendant’s inadequate offer of a substitute vehicle of less value and higher mileage, and that the defendant refused to refund the full purchase price upon Haywood’s request.
The defendant’s contention that Haywood failed to sustain his burden of proving that the defect impaired the “safety or use” of the vehicle ignores the clear language of G.Lc. 90, §7N1/4(3)(B) which renders such argument an affirmative defense to a breach of warranty claim. As such, the initial burden was on the defendant rather than Haywood to show that the defect did not affect use or safety. The only specific evidence introduced was a repair slip indicating that there was a problem in the lower end of the engine which could not be diagnosed, and that the engine smoked and burned oil. Given the additional evidence that the vehicle was out of service at least three weeks and could not be repaired, there was no error in *88 the trial court’s denial of the defendant’s Rule 41(b) (2) motion on this issue.
' The defendant’s final G.Lc. 93A argument on this appeal is that even if its conduct constituted an unfair and deceptive act, the evidence did not warrant the imposition of punitive damages. The defendant has, however, waived any appellate consideration of the sufficiency of the evidence on this point by failing to argue the issue on its Rule 41(b)(2) motion or to file an appropriate Mass. R. Civ. R, Rule 64A(b) request for ruling of law. Macone Bros., Inc. v. Straws, supra at 96. It is sufficient to note that, contrary to the defendant’s contention, the trial judge was not required to make express written findings of fact that the defendant’s conduct was callous or willful and knowing where in fact the evidence would permit such a finding. Service Publications, Inc. v. Goverman, 396 Mass. 567, 568 n.13 (1986); Shaw v. Rodman Ford Truck Ctr., Inc., 19 Mass. App. Ct. 709, 712 (1985).
4. The trial court should have allowed the defendant’s Rule 41(b) (2) motion for involuntary dismissal of Haywood’s $348.00 claim for a refund of the unused portion of an extended warranty on the Rodeo. Haywood never introduced the warranty into evidence, provided any information as to its identity, nature or terms, indicated that he had ever requested such refund prior to his demand letter, or established that the defendant was responsible for repayment.
5. The $11,880.00 amount of damages assessed by the trial court clearly consisted of a trebling of the Mazda purchase price ($3,844.00 x 3 = $11,532) plus the $348.00 claimed by Haywood as the unused portion of the 1993 Isuzu Rodeo extended warranty. However, pursuant to Subsection 3(a) (ii), damages for a violation of G.L.c. 90, §7Nl/4 are the “full repurchase price, less a reasonable allowance of use.” The statute prescribes a fifteen cent per mile formula for the calculation of such allowance. As Haywood had driven the Mazda for 2,000 miles before returning it to the dealership, a use allowance of $300.00 should have been deducted from the single damage figure before treble damages were calculated ($3,544 x 3 = $10,632). As Haywood was not entitled to damages for the unused portion of the Rodeo extended warranty, the amount of the judgment should be $10,632.00.
Accordingly, the trial court’s finding for the plaintiff on his G.L.c. 93A claim for the defendant’s violation of G.L.c. 90, §7Nl/4 is affirmed, and the finding on the plaintiff’s claim for an extended Rodeo warranty refund is reversed. Judgment for the plaintiff in the amount of $11,880.00 is vacated, and judgement is to be entered for the plaintiff in the amount of $10,632.00, plus costs and interest. No costs for this appeal are to be awarded under Dist./Mun. Cts. R. A D. A, Rule 26.[5]
So ordered.

 The defendant claimed its appeal is one from the “judgment” of the trial court. However, the defendant filed no Mass. R. Civ. R, Rule 64A requests for rulings of law, the trial court made no written findings of fact and no appeal can be claimed from a general finding per se. Macone Bros., Inc. v. Strauss, 1997 Mass. App. Div. 95, 96-97. The defendant is thus limited to the specific grounds of its Rule 41 (b) (2) motion for involuntary dismissal, filed at the close of the plaintiff’s evidence and renewed at the conclusion of trial, which the defendant mistakenly designated as one for a “directed verdict.” See Espinola v. Riley's Liquors, Inc., 1994 Mass. App. Div. 96.

 In a motion to vacate a default entered against Bishway Isuzu and in supporting affidavits, the defendant conceded that it is the “parent company” of Bishway Isuzu, which it described as the “tradename” used by the defendant to sell automobiles at its corporate place of business in East Walpole, Massachusetts. One Bahig Bishway is the president and “sole principal” of the defendant corporation.

 It would appear from the trial transcript that any demand letter issue was argued and resolved prior to trial in conjunction with the defendant’s motion to remove a default, and that the defendant had conceded receipt by the dealership of Haywood’s demand letter. The defendant failed to include in the record appendix it prepared for this appeal copies of the original and amended complaints, attached demand letter copies and the certified mail receipt evidencing a mailing of the demand letter to the dealership at the defendant’s East Walpole place of business on April 9,1996, approximately 70 days prior to suit. Copies of these documents were furnished to us by the trial court.

 The defendant’s sales manager testified that solely as an accommodation to an established customer, it agreed to buy back Haywood’s 1993 Rodeo for $12,500.00 and to “give” Haywood the Mazda simply so that he would have transportation home; that all of the figures on the defendant’s contrary documentation establishing that the Rodeo was a trade-in on a sale of the Mazda to Haywood were arbitrarily generated for “internal bookkeeping” purposes and to permit a transfer of license plates between the Rodeo and the Mazda; and that Haywood’s damages, if any, were necessarily limited to the $350.00 difference between the alleged $12,500.00 Rodeo “sale” price and the $12,150.00 balance on Haywood’s loan.

 The plaintiff-appellee did not file a written brief, and has presented no argument on this appeal.