Minehan, J.
Plaintiff appeals from a judgment in an employment contract action and from the denial of his motion to amend his complaint.
The matter was tried before the Dedham District Court on November 21,1997. Plaintiff-appellant Ciriello began work with defendant-appellee Garvey Oldsmobile as the manager of the company’s auto body shop on August 1,1995. His employment was terminated by the defendant on November 1,1995.
At trial, the plaintiff relied upon a letter of engagement as establishing an employment contract. The letter of engagement guaranteed weekly income of *196 $650.00 plus a monthly commission, which would be determined by an upward graduated percentage scale of adjusted gross profits for a period of one year. In addition, the letter placed the plaintiff’s health care contribution at fifty percent. The defendant’s position was that the letter, which referred to the company’s “Working Together” handbook must be viewed in light of that handbook. The handbook refers to the employment relationship as “at-will”; defendant asserts that plaintiff was dismissed for poor job performance.
During the presentation of the defendant’s case, plaintiff moved to amend his complaint to include a count for “wrongful termination” based upon the “Working Together” handbook, which referred to progressive disciplinary procedures prior to termination. The court denied the plaintiff’s motion and found for the defendant on the plaintiff’s complaint and for defendant in counterclaim. Plaintiff contends that it was error for the court to have found for the defendant, and for the court to have denied its motion to amend.
We disagree with plaintiff’s claim of error and affirm the judgment of the district court. Fundamental to this court’s authority of review is that issues of law be properly preserved for review. Here, the trial judge acted properly upon the plaintiff’s requests for rulings of law, none of which addressed the sufficiency of the evidence presented. Inasmuch as the plaintiff’s argument is that the trial court’s findings in favor of the defendant was against the weight of the evidence, that issue has not been properly preserved for review by this court. Nonetheless, the issue of whether an employment contract was created in these circumstances is one of fact. “Having heard conflicting testimony, the judge was in the best position to evaluate the credibility of the witnesses.” Hawthorne’s Inc. v. Warrenton Realty, Inc., 414 Mass. 200, 201 (1993), citing Simon v. Weymouth Agric. & Indus. Inc., 389 Mass. 146, 148 (1983).
The trial judge was well within his discretion to deny plaintiff’s motion to amend his complaint to add a claim for wrongful termination based upon the employee handbook. Such motion is properly denied where “... no justification for the lateness of the motion is apparent,” DiVenuit v. Reardon, 37 Mass. App. Ct. 73, 77 (1994), or the amendment would be futile, Manfrates v. Lawrence Plaza Ltd. Partnership, 41 Mass. App. Ct. 409, 413, (1996). Here, the trial judge expressly ruled that the motion was denied as being untimely. In view of the availability of the handbook before trial and the known defense theory, we cannot say that the trial judge abused his discretion. Moreover, the trial judge denied the motion after having heard all the evidence and stated that it was not the belief of that court that the plaintiff could have sustained his burden of proof. In light of the handbook’s provision which reserved defendant’s right to take whatever action it deemed appropriate (notwithstanding its “general policy”) and the defendant’s testimony as to the economic performance of the plaintiff as a manager, we discern no abuse of discretion.