Wheatley, PJ.
The plaintiff (Ruane), alleging breach of contract against both defendants (mother and son) and fraud against Ms. Jancsics, sued for payment on a promissory note (the note), payable on demand. After a hearing, the trial judge allowed Ruane’s motion for summary judgment for $17,715 plus interest and costs, from which judgment the defendants appealed pursuant to Dist/Mun. Cts. R. A D. A, Rule 8C. We affirm the judgment
“Summary judgment shall he granted where there are no genuine issues as to any material fact and where the moving parly is entitled to judgment as matter of law.” Bergendahl v. Massachusetts Electric Company, 45 Mass. App. Ct. 715 (1998), at 718. The documents to be examined by the motion judge are “... pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.” Mass. R. Civ. P., Rule 56(c). We may consider any ground supporting the judgment Champagne v. Commissioner of Correction, 395 Mass. 382, 386 (1985). The non-moving party may be entitled to a summary judgment in its favor where the opposing party fails to demonstrate a reasonable expectation of prevailing at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Ruane in both her complaint and affidavit, and another person in an affidavit, state that the defendants gave Ruane, for money loaned to them, a promissory note for $17,175, payable on demand; that Ruane made two demands for payment, April 26 and May 26,1999 (prior to bringing suit); and that they have failed and refused to make payment to her. There are also affidavits from others who relate several instances where Ms. Jancsics either received money from Ruane or said she would pay her. Ms. Jancsics, in her affidavit, denied the statements in the latter affidavits, but did, among other things, acknowledge that she had “borrowed money from [Ms.] Ruane,” and that she “would repay [her] when I had the money to do so.” Notably, Ms. Jancsics does not deny that she owes the amount of $17,175 to Ruane. Moreover, in an answer to Ruane’s interrogatories, Ms. Jancsics stated, among other things, “I told [Ruane] I’d try to get her $5,000 after she sent me a first demand notice, ...”; “I couldn’t come up with the $5,000 which would assist in paying Ms. Ruane’s rent.” Prior to the signing of the note in question, Ms. Jancsics had signed, on January 11, *104 1999, a promissory note to Ruane for $16,000, which was supplanted by the present note.
Ms. Jancsics stated that, on or about April 8, she was presented with the note in question by Ruane one evening at Ms. Jancsics’ house and reviewed it. Ruane then placed the note in a folder to hold until Mr. Jancsics appeared. He arrived some time that evening and, after hearing an explanation of the note from Ruane and speaking with Ms. Jancsics, they both signed the note. Ms. Jancsics’ basic complaint about the events surrounding the signing of the note is that she was given a note to sign which was different as to the repayment terms from the one which Ruane showed her at the beginning of the evening.[2] Her excuse for signing the “second” note without reading it was apparently that she relied on the statement of Ruane explaining the note to Mr. Jancsics when he came in, and that Ruane had misrepresented the terms of repayment. She explains her son’s signing it without reading it by the fact that he “came in tired from work,” that “I told my son where to sign, and he did without reading because of me,” “under my guidance and coercion....” Neither defendant denies signing the note. Both defendants agree that whatever monies were lent went to Ms. Jancsics alone. Mr. Jancsics, a high school student at the time of the signing of the note, did not receive any consideration for signing the note, but did so because his mother asked him to.
In her deposition, Ms. Jancsics states that she graduated from high school. She said that Ruane badgered her to sign the note. She defined “badgered” as “persistent” She was unable to explain what she meant by that She has insisted that all that she received as money loaned under the note was $7,000. Other contrary statements describe the consideration of the loan to be $6,000 for an operation, $1,000 for expenses, $10,000 for legal fees for representation in a divorce, and $175 for a Persian cat The Jancsics’ divorce was finalized in January, 1999.
The defendants argue that there are substantial divergences in the facts, parol evidence should be allowed to determine if the note is an integrated statement of the parties, parol evidence should be allowed to show fraud on the part of Ruane, there was no consideration for Mr. Jancsics’ signature, and there is an issue as to whether Ms. Jancsics received $17,175 as consideration for the note.[3]
The Massachusetts Uniform Commercial Code, G.L.c. 106 (UCC), is the controlling authority for promissory notes. Guenin v. Benson, 1999 Mass. App. Div. 94. Ms. Jancsics, who, as the signer of the note wherein she promised to pay Ruane, is the maker of the note, and as such undertakes to pay it according to its terms. G.L.c. 106, §3-103(5); Comment 1, §3-104. Once the signature is admitted and the note is produced, the holder is entitled to payment, unless the defendant proves a defense of, inter alia, fraud[4] or duress. Id., §§3-308(b), 3-301, 3-305(a)(l)(ii) and On). On the subject of duress, the authors of Comment 1 under §3-305 cite, as examples, signing a note at the point of a gun (note is void), or under the threat to prosecute for theft (note is voidable). The statement that Ruane “badgered” her, *105 and was “persistent” with her, to sign the note does not rise to this level.[5] To avoid a contract on the basis of duress, a party must show that conduct by the other party caused him to enter into the contract “under the influence of such fear as precludes him from exercising free will and judgment” Coveney v. President & Tr., College of the Holy Cross, 388 Mass. 16, 22 (1983). To show economic duress a party must show that he has been the victim of a wrongful or unlawful act or threat and such act or threat must be one which deprives the victim of his unfettered will. As a direct result of these elements, the party threatened must be compelled to make a disproportionate exchange of values. Int’l Underwater Contr. v. New Eng. Tel. & Tel., 8 Mass. App. Ct. 340, 342 (1979), 393 N.E.2d 968. Ruane’s conduct did not fall within these parameters, and is not a viable defense to a suit on the note.
The Comment writers, in referring to the defense of fraud, describe the test of “excusable ignorance of the contents of the writing signed.” G.L.c. 106, §3-305, Comment 1. The party must not only have been in ignorance, but must also have had no reasonable opportunity to obtain knowledge. In the case at bar, both defendants had every opportunity to examine the note before they signed it They were in their own home and were under no pressure to sign the note without reading it Both had high school educations, and there is no evidence that they were not conversant in English. The essence of Ms. Jancsics’ complaint about the “fraud” of Ruane was that Ruane substituted a note payable on demand as opposed to payable at some other future date. It is this that she alleges to have complained to Ruane about some days later when she “discovered” the different language in the note, not the amount But her own several explanations as to what different payment date she expected are contradictory — payment on death, when her divorce was final, or when she was able to pay. This is the type of evidence that was rejected in the opposition to an allowance of a motion for summary judgment in Community National Bank v. Dawes, 369 Mass. 550 (1976), wherein they approved the ignoring of “vague and general allegations.” The misrepresentation that the defendants allege does not meet the test under this section and we reject it
Ms. Jancsics, insisting that she did not agree to borrow $10,000 for legal fees used in connection with her divorce, denies that she should be held accountable for the full $17,175, agreeing only to $7,000. Yet she signed a first promissory note, of which she does not complain, to Ruane in January, 1999, three or four months before signing the note in question, for $16,000, which note was canceled as part of the consideration for the $17,175 note. There was another $1,175 loaned to her in between the dates of the two notes. Because the $16,000 note encompassed most, if not all, of the legal fee figure, her denial of liability rings hollow. Both an antecedent claim and an exchange for a negotiable instrument are recognized under the UCC as valid consideration for a promissory note. G.L.c. 106, §3-303(3) and (4).
Mr. Jancsics asserts that he signed the note as an accommodation to his mother, but received no consideration for his signing. Lack of consideration to Mr. Jancsics is not a viable issue. From Ruane’s point of view, "... the obligation of an accommodation party may be enforced ... whether or not [he] receives consideration for the accommodation.” G.L.c. 106, §3-419 (b). See Leonard v. Woodward, 305 Mass. 332 (1941).
Finally, the defendants argue that they should be allowed to show by testimony that the note is not an integrated agreement “Extrinsic evidence ..., [absent proof of fraud or duress], cannot control the words of a document that purports to *106 express the whole transaction.” Kerwin v. Donaghy, 317 Mass. 559, 568 (1945). However, without the statements in the prior paragraphs which we have addressed being allowed to support the charges of fraud, duress, and lack of consideration or to demonstrate that the note was not an integrated agreement, there is no further evidence which has been brought to our attention that the defendants can offer by way of oral or written statements to alter the terms of the note. The note, then should be taken on face value.
Accordingly, we affirm the trial judge’s allowance of the motion for summary judgment
So ordered.

 Ms. Jancsics asserted, at one point, that Ruane agreed that the note would be due, not on demand, but on the death of Ms. Jancsics or Ruane’s death. She then said it was to be due when she “had the money, when I had the money to repay [Ruane].” In her answers to interrogatories, Ms. Jancsics said, “Ms. Ruane stated no rush to repay. Repayment satisfactory after my divorce final.”

 The defendants also argue that the motion judge erred in not making findings of fact, which argument we reject Compare Mass. R. Civ. P., Rule 52(c).

 The fraud that is recognized is “fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms.” G.L.c. 106, §3-305(a) (1) (iii).

 Although the defense of duress was not raised directly in the defendants’ brief, we address it because it was given as an excuse for the defendants not reading the note in connection with the raising of the defense of fraud.