Merrick, EJ.
Defendant Building 19 'A (“Building 19”) has appealed a finding against it in the amount of $45,000.00 on the plaintiff’s negligence claim for personal injuries sustained in a fall on the defendants business premises. As the principal issue on appeal is the sufficiency of the evidence introduced at the bench trial to support the courts finding, we recite the evidence in some detail and in the light most favorable to the plaintiff. Haywood v. Massachusetts Automotive Group, Ltd., 1998 Mass. App. Div. 85.
Building 19 operates a retail store on Route 97 in Haverhill, Massachusetts. On December 13,1994, the plaintiff drove to the store to shop at about 5:00 P.M. She parked her car in a parking lot There was sand and salt in the parking lot[2] As to weather conditions, the plaintiff testified that “[i]t was winter. Dark. Cold.” There were snow banks in the parking lot from a previous storm. The plaintiff approached a set of double exterior entrance doors leading from the concrete sidewalk to a tiled outer foyer, which in turn lead to an inner set of doors.[3] A Salvation Army volunteer was standing in front with a kettle for donations, ringing a bell. The double doors were in the open position. As the plaintiff put it
As I got to the door, to the threshold, my right foot gave way and slid in the debris in front of the door. It sounded like a - - when you hear a tire screech in the sand, my right foot made that kind of sound in the sand.
Ilost my balance, my right leg went up, my right arm went up. As I tried to catch my balance with my left foot, I was in on the tiles. My foot stepped on the tiles. The tiles were wet It was slippery there. There was a little sand on the tiles, so I lost my bal - -1 couldn’t get my balance on that left foot, so I fell. I came down. My right leg was underneath me and I sat on to my foot, and I heard my foot snap. It made a loud noise. And I was sitting with my hands on the tiles.
When asked to describe the debris on the concrete in front of the threshold, *39 upon which her right foot slipped, the plaintiff said: “There was sand accumulation, the sand, the salt There was coins on the ground and my shoe slid in that” There was a coin on the tile that a man picked up and put into a vending machine. There were two coins on the sidewalk outside. There was no evidence as to how tiie coins got there or how long they had been there. There was no evidence as to how long the sand and salt were on the concrete area before the fall or how they got there. The plaintiff believed that she stepped on a coin and that it was part of the “debris” on which she slipped, but she didn’t know whether she actually slipped on a coin. Finally, there was no evidence further describing the “wet” and “slippery” condition of the tile floor in the foyer, or establishing its origin or the length of its presence.
1. The plaintiff-appellee first argues that Building 19 did not preserve its claim that the evidence was insufficient to warrant a finding for the plaintiff by a request for a ruling of law to that effect as prescribed by Mass. R Civ. R, Rule 64A[4] The plaintiff relies on that portion of Rule 64A(b) (2) which prorides, in pertinent parti
In District Court proceedings, to obtain a ruling that the evidence is insufficient as a matter of law to permit a general finding in the opposing party’s favor, the requesting party shall file a written request for such ruling... [emphasis supplied].
It is true that we have stated that our review is confined to “questions of law properly raised in the trial court and preserved for appellate review, primarily by means of Mass. R Civ. P., Rule 64A, requests for rulings.” Cummings Properties Management, Inc. v. C.T. Whittier & Associates, Inc., 1997 Mass. App. Div. 153, 154. At least for a defendant, however, requests for rulings are not the only way to obtain a ruling on the sufficiency of the evidence to support a finding for the opposing party. A motion for involuntary dismissal pursuant to Mass. R Civ. E, Rule 41(b) (2), at the close of the plaintiffs case may also be used to raise and preserve that issue. Johanson v. Aldridge, 1999 Mass. App. Div. 182; Mark Moore Homes, Inc. v. Tarvezian, 1998 Mass. App. Div. 171, 172; Cummings Properties Management, Inc. v. C.T. Whittier & Associates, Inc., supra at 154 n. 1.
In the present case, Building 19 filed motions for a “Directed Finding” at the close of both the plaintiffs case and all of the evidence. Such motions, when made by a defendant at a bench trial, are to be treated as motions for involuntary dismissal under Rule 41(b) (2). Dew v. Laufauci, 2001 Mass. App. Div. 95, 97; Nhem v. Metropolitan Prop. & Cas. Ins. Co., 1997 Mass. App. Div. 84, 85 n. 2, aff'd 45 Mass. App. Ct. 1102 (1998), rev. den. 428 Mass. 1102 (1998).
Thus the issue of whether a finding for the plaintiff was not warranted and a finding for Building 19 was therefore required was properly preserved.
2. Building 19 appealed the denial of its motion on the ground that the evidence was insufficient to support a finding of negligence on its part To establish Building 19’s negligence, file plaintiff was obligated to establish a breach of Building 19’s duty “to use due care to keep the premises provided for the use of its patrons in a reasonably safe condition, or at least to warn them of any dangers that might arise from such use, which are not likely to be known to them, and of which the defendant knows or ought to know.” Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (1973).
The condition of the tiles, variously described by the plaintiff as “wet,” “damp” *40 and “slippery,” would not support a finding of negligence unless there was evidence of “water in larger quantity or for a greater length of time than was naturally to be expected in the circumstances.” Pettie v. Stop & Shop Supermarket Co., 1996 Mass. App. Div. 41, 43, quoting from Grace v. Jordan Marsh Co., 317 Mass. 632, 633 (1945).
Salt and sand are ordinarily applied to improve traction in icy conditions. Assuming, however, that the sand and salt could be considered a hazardous condition on concrete or with water on a tile floor, there was simply no evidence that “the foreign substance was there long enough that the defendant's employees should have seen it and cleaned it up.” Thurlow v. Shaw’s Supermarkets, Inc., 49 Mass. App. Ct. 175, 177 (2000). The denial of Building 19’s motion for involuntary dismissal was error.
Hie judgment for the plaintiff is reversed and vacated. A judgment for defendant Building 19 lh is to be entered.
So ordered.

 There was no evidence at trial as to who was in control of the parking lot For that matter, the trial transcript is devoid of any evidence, other than the defendants name, to indicate that Building 19 'A was in control of the store. The defendant has not argued these issues on appeal.

 Ten photographs of the entrance were admitted into evidence, but none was included in the record appendix on this appeal.

 Building 19 actually did file some requests for rulings of law. Since we decide that the issue was otherwise preserved by means of a motion, we need not consider whether one of the requests, inartfully worded, was adequate to preserve the issue of the sufficiency of the evidence to permit a finding for the plaintiff.