Swan, J.
Citibank South Dakota, NA (“Citibank”) commenced this action against Ajay M. Sawant (“Sawant”) to collect an unpaid debt on a credit card totaling $3,184.42. Sawant, representing himself, filed an answer and counterclaim[1] in which he pleaded that by a settlement agreement with Citibank, the debt was paid in full; that the complaint “did not include an Affidavit of Debt”; and that by continuing its collection efforts, Citibank breached the settlement agreement and violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. He demanded judgment in the amount of $7,500.00. After a jury-waived trial, judgment was entered for Citibank on both its complaint and Sawant’s counterclaim. Sawant has appealed that judgment.
While no Mass. R. Civ. P., Rule 52(c), findings were requested,[2] and none made by the court, the trial judge could have found the following based on the evidence presented through the testimony of Jay Guenther, a collection analyst at Citibank. In December, 1980, Sawant applied for and received a credit card from Citibank. Charges were made over the next two decades until June, 1997. Sawant defaulted in payment in May, 1998, and the following month the account was “charged off’ by Citibank. Pursuant to negotiations between the parties, Sawant continued to make some payments toward the indebtedness; his last payment was $25.00 on December 7,1998.
Sawant testified in his own behalf as to extensions of credit, settlement discussions, and payments on the account. It can be inferred that by finding for Citibank, the trial judge did not credit Sawant’s evidence except that of some payments made on the account. The court entered judgment for $2,513.49, together with prejudgment interest and costs.
Sawant’s arguments on appeal are that Citibank failed to file an affidavit in support of its complaint, that the action was barred by the applicable statute of limitations, that the business records of Citibank were inadmissible and should not have been received in evidence, and that Citibank idled to prove its case.
As to the sufficiency of Citibank’s case, Sawant failed to submit Mass. R Civ. R, *78 Rule 64A, “requests for rulings setting forth correct propositions of law for the trial judge’s guidance in this matter.” Tammaro v. Haliotis, 1998 Mass. App. Div. 82, 83. This case, decided in 2005, is governed by former Rule 64A, which was not repealed until March 1, 2008. See Mass. R. Civ. R, Rule 52(c), as appearing in 450 Mass. 1404 (2008). Under former Rule 64A, an
‘appeal to this Appellate Division, or any appellate court, is restricted to issues of law properly raised in the trial court and preserved for appellate review in the form of the trial court’s rulings.’ 207-211 Main St., LLC v. Beeba Ltd., 2007 Mass. App. Div. 92, quoting Ducker v. Ducker, 1997 Mass. App. Div. 147, 148. At the time of the trial of this action, the prescribed method of raising and preserving questions of law was the filing of Mass. R. Civ. R. Rule 64A, requests for rulings of law. Skowronski v. Sachs, 62 Mass. App. Ct. 630, 632 (2004); Owens Gen. Contr., Inc. v. Grzyb, 2007 Mass. App. Div. 134.
Keystone Montessori School, Inc. v. Maloney, 2008 Mass. App. Div. 175, 177. The question of the sufficiency of Citibank’s evidence in this case could have been raised and preserved for review only by Sawantis filing of either a Rule 64A(b) request for ruling on that issue, Yetman v. Cavanagh, 2007 Mass. App. Div. 162, 164; Camerota v. Coll, Sacchetti & Karpells, Inc., 2005 Mass. App. Div. 112, 113; or a Mass. R. Civ. R. Rule 41(b) (2), motion for involuntary dismissal of the action made at the close of Citibank’s case in the jury-waived trial. Hale v. Building 19 1/6, 2002 Mass. App. Div. 38, 39. Having failed to submit a request for ruling of law or a Rule 41 (b) (2) motion, Sawant waived any appellate consideration of the sufficiency of the trial evidence to warrant a finding for Citibank.
Nor, for the same reason, were the other issues raised by Sawant preserved for appellate review. We note only that they are patently without merit. Sawant argues that the complaint did not include an affidavit of debt, but Mass. R. Civ. R, Rule 8(a), prescribing the content of a complaint, carries no such requirement.[3] As to the statute of limitations, which was not even pleaded in Sawant’s answer, a contract action such as this one must be commenced within six years after the breach. G.L.c. 260, §2. The evidence showed that the payment default occurred in May, 1998; the complaint was filed on September 12, 2003, well within the statute.
*79 It is unnecessary to state that the procedural rules herein discussed may well be daunting to a self-represented litigant such as Sawant But while “some leniency is proper in determining whether a pro se litigant meets the requirements of procedural rules!,] ... ‘the rules bind a pro se litigant as they bind other litigants.’” Mains v. Commonwealth, 433 Mass. 30, 35 (2000), quoting Mmoe v. Commonwealth, 393 Mass. 617, 620 (1985). “The right of self-representation is not ‘a license not to comply with relevant rules of procedural and substantive law.’” International Fid. Ins. Co. v. Wilson, 387 Mass. 841, 847 (1983), quoting Faretta v. California, 422 U.S. 806, 834-835 n.46 (1975). See also Burnham v. Clerk of Peabody Div. of Dist. Court Dep’t, 432 Mass. 1014 (2000).
Judgment affirmed.
So ordered.

 The pleading was titled, simply, “Counterclaim.”

 As noted below, the case was governed by Mass. R. Civ. P., Rule 64A, then in effect.

 A statement of damages must be filed with the complaint, Dist./Mun. Cts. Supp. R. Civ. R, Rule 102A, and the docket indicates that one was filed in this case.